34 So.2d 142

**HOWELL et al. v. STATE ex rel. GOODRICH.**

**8 Div. 397.**

Supreme Court of Alabama.

Feb. 19, 1948.

Russell W. Lynne, of Decatur, for appellants.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for appellees.

244

STAKELY, Justice.

The State of Alabama through the county solicitor of Limestone County and the Solicitor of the Eighth Judicial Circuit of Alabama filed a bill of complaint to condemn a 1941 Dodge four door sedan automobile for the alleged illegal transportation of prohibited liquors or beverages in Athens, Alabama. We quote the material portion of the bill of complaint as follows: "Your Complainant further shows unto the Court that on, to-wit, the 30th day of May, 1946, Deputies from the Office of the Sheriff of the Sheriff of Limestone County, Alabama, seized One 1941 Model Four Door Sedan Automobile, License Tag Number, Ala. 52C 2419, Motor Number D19-171116, while the same was being used by the Respondent Willie Howell in the illegal transportation of prohibited liquers or beverages, to-wit, thirteen and one half gallons of beer; that such seizure occurred at a point on Pryor St. in the City or town of Athens, Alabama, and that at the time of such seizure the illegal and prohibited beer was in said automobile which was at such time driven or operated by the said Willie Howell; * * *."

The appeal is from a decree overruling the demurrer to the bill of complaint.

█ It is urged that the bill of complaint fails to follow the requirements of § 247, Title 29, Code of 1940, in that there is no allegation that the prohibited liquors or beverages were being transported into this state or from one point in the state to another point within the state. It is claimed that the statute is highly penal and should be strictly construed. Carey v. State, 206 Ala. 351, 89 So. 609. This court, however, has pointed out that strict construction of the statute referred to in the foregoing and similar authorities had reference to the substantive law and not to the sufficiency of pleading. Armstrong v. State ex rel. Embry, 248 Ala. 124, 26 So.2d 874.

█ The bill of complaint shows that when the car was seized it was being used in the illegal transportation of liquors or beverages, towit, thirteen and one-half gallons of beer; that such seizure occurred at a point on Pryor Street in the City or Town of Athens, Alabama, and that at the time of such seizure the illegal and prohibited beer was in the automobile which was at such time driven or operated by said Willie Howell.

In Schefano v. State, 231 Ala. 391, 164 So. 902, this court said: " * * * When seized, the truck was loaded with prohibited liquor, and was traveling along a public highway in this state. It was therefore conveying such liquor from one point to another within the state, which was prima facie illegal. * * *"

The pleading shows a substantial compliance with the statute. The allegations are tantamount to an allegation that prohibited liquors were being transported from one point in the state to another point in the state. Armstrong v. State ex rel. Embry, supra.

█ The State of Alabama was specifically made party complainant in the cause. The bill was in the name of the State of Alabama on relation of the Solicitor of Limestone County, Alabama, and on the Solicitor for the Eighth Judicial Circuit of Alabama. Under the authority of §§ 247 and 248, Title 29, Code of 1940, proceedings of this nature are properly instituted in the name of the State on relation of the solicitors of the state. Both of the solicitors in question signed the bill of complaint in their respective capacities.

█ The courts will take judicial notice of the public officers of the state and the source of their authority. State v. Wilkinson, 220 Ala. 172, 124 So. 211; State ex rel. Blan v. St. John, 244 Ala. 269, 13 So.2d 161.

█ But it is argued that since the bill of complaint is not verified, it is fatally defective under § 5, Article 1 of the Constitution of Alabama, which is as follows: "That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizures or searches, and that no warrant shall issue to search any place or to seize any person or thing without probable cause, supported by oath or affirmation."

It is enough to say that the statutes under which the bill is framed do not require verification of the bill of complaint. Sec-

tion 247 et seq., Title 29, Code of 1940. The bill of complaint filed for the purpose of procuring condemnation is not a warrant for search or seizure within the meaning of the foregoing constitutional provision but is merely a part of the statutory procedure to determine the right to condemnation after the seizure has been made. As pointed out by this court in Tranum v. Stringer, 216 Ala. 522, 113 So. 541, there may be occasions which do not require a warrant even for the seizure where transportation of prohibited liquors by an automobile or other vehicle is concerned. See In re State ex rel. Attorney General, 179 Ala. 639, 651, 60 So. 285. There is no merit in the contention.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.