74 So.2d 419

**Howard THOMPSON**

v.

**Lera Mae THOMPSON (and cross appeal).**

**7 Div. 248–248A.**

Supreme Court of Alabama.

Aug. 30, 1954.

T. Eric Embry, Embry & Martin, Birmingham, John R. Robinson, Pell City, for appellant.

Starnes & Holladay, Pell City, Beddow & Jones, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a decree overruling a demurrer to a cross bill. The cross respondent had filed a bill for divorce against his wife and sought the custody of the child. She filed a cross bill seeking a divorce and the custody of the child. Thereafter he amended his bill by striking out of it the prayer for a divorce.

At the time of the submission on appeal Lera Mae Thompson, the wife, submitted a petition for mandamus to review the decree as to the custody of the child and for support money and solicitors' fee. We are advised by attorneys for petitioner that since said submission, the trial court has awarded the custody of the child to the wife and made an allowance as prayed for. The attorneys request the Court to dismiss the petition, which request should of course be granted. That also disposes of the cross assignments of error, which were not proper for consideration on such an appeal since they would not support an appeal. Comer v. Limbaugh, 256 Ala. 655, 57 So.2d 72(16).

Therefore, the only questions involved on the appeal are presented by the direct assignments of error by appellant. They relate exclusively to the decree rendered March 23, 1954 overruling the demurrer of Howard Thompson, cross respondent, to the cross bill.

The cross bill was filed as a part of the answer which sought a divorce and alleged that the parties separated November 19, 1953, the separation being caused by Howard Thompson, the complainant, committing actual violence on her person attended with danger to her life and health, or from his conduct there was reasonable apprehension of such violence being committed, and on that occasion he struck and beat her, bruised her about the face, head and other parts of her body, leaving bruises, cuts and scars, and that her health and nervous condition were and are greatly affected on account of such assault. The cross bill also alleges that he had committed adultery with a named woman. Complainant did not demur to this cross bill but answered it, denying the alleged cruelty and adultery. On January 18, 1954 cross complainant amended the cross bill by adding paragraph C. It alleged the occurrence of circumstances subsequent to the filing of the bill which illustrated the previously alleged cruelty, but which may not alone be sufficient to sustain the claim of cruelty. Moyler v. Moyler, 11 Ala. 620. The demurrer is to the cross bill as amended, but the grounds set up in it are based upon the insufficiency of the allegations of the amendment.

It may be conceded that those allegations are not sufficient, considered alone, to justify the prayer for divorce, and

378

the events alleged occurred since the bill was filed. Hill v. Hill, 10 Ala. 527; Harper v. Raisin Fertilizer Co., 158 Ala. 329, 48 So. 589. The allegations do not constitute an aspect to which a demurrer may be addressed; and if they did, it is not so addressed. An amendment is the proper manner to bring to the attention of the court events occurring subsequent to the institution of the suit when they are material to the issues. Equity Rule 28(2), Code 1940, Tit. 7 Appendix. If they are not material or pertinent to the issues the proper procedure is to move to strike them. Ex parte Walter, 202 Ala. 281, 80 So. 119.

The assignments of error are without merit. The decree from which the appeal was taken should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Petition for mandamus dismissed on motion of petitioner.

Affirmed on the appeal.

LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.