85 So.2d 449

### Onice TERRY

v.

### STATE ex rel. Thomas C. PETTUS et al., Solicitors.

8 Div. 822.

Supreme Court of Alabama.

Feb. 2, 1956.

Russell W. Lynne, Decatur, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PER CURIAM.

This is a suit in equity for the condemnation of an automobile under authority of section 247, Title 29, Code.

The trial court overruled a demurrer to the bill of complaint, and defendant has appealed.

Appellee has made a motion in this Court to dismiss the appeal. The motion to dismiss is based on two theories:

(1) That appellant's brief was filed on November 11, 1955: the transcript of the record was filed in this Court on September 28, 1955. Therefore, the brief was filed more than thirty days after the transcript was filed.—Supreme Court Rule 12.

(2) That the transcript was filed in this Court on September 28, 1955, which was more than sixty days after the appeal was taken on June 29, 1955.—Supreme Court Rule 37.

The first contention overlooks Supreme Court Rule 47, which provides that Rule 12, supra, does not apply in cases required by law to have preferred standing on appeal.

This appeal is from a decree overruling a demurrer to a bill in equity. It is authorized by section 755, Title 7, Code, which provides that it shall be heard and determined in preference to all other appeals except in criminal cases. So that, this is an appeal which has preferred standing in this Court and is controlled in this respect by Supreme Court Rule 47. There was no demand for an oral argument as therein provided. Therefore, the time of filing briefs is as otherwise provided by rule or law. Under that status the appeal is due to be heard at the next call of cases from that division as provided by section 22, Title 13, Code, or by consent at any time during a sitting of the Court, or on ten days' notice to the opposite party or his counsel, section 23, Title 13, Code. See amendment to Supreme Court Rule 47, subsequently amended and printed in 263 Ala. XXII.

This Court will not take a submission in civil cases without a brief by appellant. Briefs for appellant and for appellee were on file at the time of submission.

The motion to dismiss cannot be sustained on the first theory advanced.

The second theory, on which the motion to dismiss is based, is that the transcript was not filed in this Court within sixty days after the appeal was taken as required by Supreme Court Rule 37. That rule also authorizes the trial judge to extend the time for filing the transcript in this Court for good cause, but not to exceed thirty days. The trial judge made such order, but did not make it until the expiration of the sixty days (extending to sixty-one days on account of Sunday being the last day—Supreme Court Rule 46). He made such order within thirty days thereafter. Appellee's contention is that the judge had no power to make the extension after the expiration of sixty (sixty-one [Sunday]) days from the date of taking the appeal. The rule makes no limitation as to the time when the trial judge can make the order. He can only extend it for thirty days from the expiration of the sixty (sixty-one [Sunday]) day period. Therefore, he cannot make such order after the expiration of the thirty day period, but this Court is authorized to do so.—Supreme Court Rule 37. (See amendment to this rule subsequently adopted and printed in 263 Ala. XXI.)

The question of whether the trial judge may make an order of extension within thirty days after the sixty day period has not been considered by us heretofore. The Court now concludes that an order of the trial judge may be made within thirty days after the expiration of the sixty (sixty-one [Sunday]) day period provided he does it so as to permit the transcript to be filed within said thirty day period. With that as a proper interpretation of Supreme Court Rule 37, the transcript was filed in accordance with said rule. The motion to dismiss the appeal should be overruled.

### Assignments of error 4, 5, 8, 9 and 11.

These assignments relate to grounds 3, 4, 7, 8 and 10 of the demurrer. Those grounds of the demurrer are argued together as presenting the same principle of law. The bill of complaint is criticized by appellant's counsel in arguing those assignments because it contains "no title or caption, nei-

ther an address or direction". We observe that a bill in equity was never required to contain "a title or caption" nor was it originally customary to do so; but the first part of the bill was always an address to the judge of the court (section 6521, Code of 1923; Sims Chancery Practice section 267). That is not now required by Equity Rule 2 which was in effect an amendment of section 6521, Code of 1923.

■ The principal argument is based upon the insufficiency and impropriety of paragraph 3 of the bill of complaint. Paragraph 3 details circumstances evidential in nature, from which an inference supposedly may be drawn of certain conclusions thought to be sufficient to justify the condemnation of an automobile used in the transportation of whiskey as provided in section 247, Title 29, as amended, pocket part, Code. Without the necessity of copying said paragraph, it is sufficient to say in response to the argument advanced that we agree those allegations are not sufficient to justify the relief sought and have no proper place in the bill of complaint. But the proper method of getting such allegations out of the bill is by a motion to strike and not by a demurrer. Thompson v. Thompson, 261 Ala. 376, 74 So.2d 419; Wood, Wire and Metal Lathers, etc. v. Brown & Root, Inc., 258 Ala. 430, 63 So.2d 372; Boozer v. Blake, 245 Ala. 389, 17 So.2d 152.

The decree overruling the demurrer was not erroneous insofar as those grounds are concerned.

### Assignments of error 14, 15, 19 and 20.

These assignments relate to grounds of demurrer 13, 14, 18 and 19. No. 13 is that the capacity in which complainants are acting is not shown. No. 14 is that it is not shown that complainants sue as representatives of the State. No. 18 is that the bill of complaint "contains no introduction or statement as to parties". No. 19 is that the bill shows· no right of complainant to invoke the jurisdiction of the equity court.

■ The appropriate designation of complainant in a proceeding under section 247, Title 29, Code, is the State of Alabama on the relation of the named solicitor or named attorney general. Howell v. State ex rel. Goodrich, 250 Ala. 243, 34 So.2d 142.

■■ The bill of complaint alleges that the named solicitors came on behalf of the State and bring this bill, etc. There is no particular language necessary to describe the complainant as contemplated by the statute. We think the bill of complaint sufficiently makes the necessary allegations identifying the State as complainant and acting by the solicitors named. The phraseology in this respect will not be strictly construed. Howell v. State ex rel. Goodrich, supra.

We are impressed that the argument made by counsel for appellant in respect to those assignments, and to which we have referred, is not well sustained by the allegations of the bill.

We have undertaken to answer the contentions made by counsel for appellant, and do not find any error sufficient to cause a reversal of the decree. It should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

All the Justices concur.