97 So.2d 547

**William R. MORROW**

v.

**STATE of Alabama.**

8 Div. 929.

Supreme Court of Alabama.

Oct. 24, 1957.

Smith & Moore, Guntersville, for petitioner.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

The petition was not received by the clerk of this court until the 16th day after the Court of Appeals had denied application. The Attorney General filed motion to dismiss the petition because it was filed too late. The motion is well taken.

Supreme Court Rule 39, Revised Rules of Practice, Code 1940, Title 7, Appendix, provides in part that "the application [for Writ of Certiorari] to this court must be *filed with the clerk* of this court *within fifteen days* after the action of said court of appeals upon the said application for rehearing".

The Court of Appeals denied the application for rehearing on August 27, 1957. On September 10, 1957 the attorney for petitioner mailed special delivery his petition for a Writ of Certiorari. This petition was delivered to the office of the clerk of the Supreme Court on the morning of September 12, 1957, 16 days after the rehearing had been denied.

It is well settled that a petition for a Writ of Certiorari not filed within the requisite 15 day period is to be dismissed by this court. Morgan Plan Co. v. Beverly, 255 Ala. 235, 51 So.2d 179; Ex parte Mobile Light & R. Co., 200 Ala. 192, 75 So. 940; Ullman Bros. v. State, 202 Ala. 154, 79 So. 629; Oliver v. State, 256 Ala. 336, 54 So. 2d 617; Johnson v. State, 261 Ala. 373, 74 So.2d 508.

As stated in In re State ex rel. Attorney General, 185 Ala. 347, 349, 64 So. 310, 311, "Manifestly the posting of [a petition], properly addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying [for the certiorari]. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he had complied with this * * * rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. * * * [It] cannot be affirmed that seasonable, proper posting answers the prescription of the rule."

Motion granted and petition dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.