100 So.2d 14

**W. Earl (W. E.) TIPTON, Adm'r et al.**

**v.**

**Mattie TIPTON et al.**

**6 Div. 172.**

Supreme Court of Alabama.

Oct. 31, 1957.

Rehearing Denied Jan. 23, 1958.

Robt. A. Sapp, Cullman, for appellants.

Julian Bland, Cullman, for appellees.

COLEMAN, Justice.

This is an appeal by respondents from a decree of the Circuit Court, In Equity, overruling demurrers.

The transcript was filed in this court on July 16, 1957. Appellants' brief was filed in this court on August 16, 1957.

Appellees have filed a motion to dismiss the appeal or affirm the case on the ground that appellants' brief was not filed in this court within thirty days after the transcript was filed here, as required by Rule 12 of the Revised Rules of this court.

Rule 12 in pertinent part recites as follows:

"Counsel for appellant shall file his brief with the clerk of this court within thirty days after the transcript of the record has been filed in this court. Upon failure to so file, the appeal shall be dismissed or the case affirmed, as the case may be. * * * Upon written application, served upon opposing counsel, the court, or a justice thereof, for good cause shown, may extend the time for the filing of any of appellant's or appellee's briefs for not exceeding fifteen days." 261 Ala. XXIV; Code 1940, Title 7 Appendix, Cumulative Pocket Part, Revised Rules of Practice in the Supreme Court, Rule 12.

Appellants' brief was filed, not within thirty days after the transcript had been filed in this court, but within thirty-one days after said transcript had been so filed.

In the instant case, no extension of time for filing brief has been granted to appellants; appellants have not applied for any such extension of time; and no cause for granting the same has been shown.

Old Rule 13 provided:

"Counsel for appellant at the time of submission of any civil cause shall file his brief and arguments, * * *. Upon his failure to comply with this rule, the case shall not be submitted or heard on his motion, and *may* be dismissed on motion of the appellee * * *." (Emphasis supplied.)

The requirements of Old Rule 13 with respect to time for filing appellants' brief have been superseded by Rule 12 presently in effect.

It is to be noted that the language of old Rule 13 with reference to dismissal for failure to file brief in time used the permissive word "may." In the new Rule 12, the language is not permissive, but is mandatory.

The word "shall" is used both for setting the time when appellant shall file his brief and also for setting out the penalty for failure to file appellant's brief as required. Under the mandatory requirements of Rule 12, this court is required to grant the motion to dismiss or, in the alternative, to read the word "thirty," as it appears in the rule, to be the word "thirty-one." This we do not have authority to do. It follows that the appeal must be dismissed, or the case affirmed.

In Terry v. State ex rel. Pettus, 264 Ala. 133, 85 So.2d 449, appellant filed his brief more than thirty days after the transcript was filed in this court. That case also was an appeal from a decree in equity which overruled demurrers to the bill of com-

plaint. Appellee moved to dismiss the appeal on the ground that appellant had not filed his brief in this court within thirty days as required by Rule 12.

This court held that the requirements of Rule 12 with respect to time for filing appellant's brief did not apply in Terry v. State ex rel. Pettus, supra, because an appeal from a decree overruling a demurrer has a preferred standing in this court (Code 1940, Title 7, § 755) and was, in that respect, controlled by Rule 47. Rule 47, *at that time,* provided in pertinent part as follows:

> "In all cases as are required by law to have a preferred standing on the appeal to this court, Rules 4(4) and 12 supra shall not have application * * *." 261 Ala. XXXVII; Code 1940, Title 7 Appendix, Cumulative Pocket Part, Revised Rules of Practice in the Supreme Court, Rule 47.

Rule 47 has been amended since the decision in Terry v. State ex rel. Pettus, supra. See 263 Ala. XXII. The above quoted provision from former Rule 47 is not found in the amended rule; and, on an appeal from a decree overruling a demurrer, amended Rule 47 does not relieve the appellants from the requirements of Rule 12 with respect to the time of filing appellants' brief.

The decision of appeals on the merits is much to be desired. Where, however, as in this case, appellants have not complied with the mandatory requirements governing appeals, on motion to dismiss filed by appellees no course of decision is open to this court other than to follow and enforce the pertinent rule.

The motion filed by appellees is granted and the appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.

### On Rehearing

COLEMAN, Justice.

█ Appellants make known to us that their brief was mailed on the 28th day after the filing of the transcript in this case. With reference to a petition for certiorari, we have held that posting or mailing is not the equivalent of filing. The reasons given for that holding with respect to filing a petition for certiorari apply with equal force to filing a brief.

In a recent case we have said:

> "As stated in In re State ex rel. Attorney General, 185 Ala. 347, 349, 64 So. 310, 311, 'Manifestly the posting of [a petition], properly addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying [for the certiorari]. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he had complied with this * * * rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. * * * [It] cannot be affirmed that seasonable, proper posting answers the prescription of the rule.'" Morrow v. State, 266 Ala. 452, 97 So.2d 547, 548.

Opinion extended. Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN and MERRILL, JJ., concur.