107 So.2d 890

**Garland THOMPSON**

v.

**STATE of Alabama ex rel. A. S. BORDERS, Solicitor.**

**4 Div. 947.**

Supreme Court of Alabama.

Nov. 6, 1958.

Appellant's Application for Rehearing Stricken Jan. 8, 1959.

Appellee's Application for Rehearing Denied Jan. 8, 1959.

Alice L. Anderson, Enterprise, for appellant.

John Patterson, Atty. Gen., Edmon L. Rinehart and Wm. C. Younger, Asst. Attys. Gen., for appellee.

GOODWYN, Justice.

On June 26, 1954, the State, acting by and through the solicitor of the Third Judicial Circuit and a deputy solicitor in and for Dale County, filed in the circuit court of Dale County, in equity, against appellant (Garland Thompson) and others a bill to enjoin the respondents from maintaining a liquor nuisance. After the taking of testimony orally before the trial court (such testimony is not included in the rec-ord) a decree was rendered on June 30, 1954, granting a temporary injunction and ordering the sheriff to take possession of the premises, the decree providing that possession should be redelivered to respondents upon their making bond in the sum of $750 payable to the State and approved by the register. Pursuant to said decree the sheriff took possession of the premises on July 1, 1954. On July 2, 1954, the respondents filed a motion to dissolve the temporary injunction. Hearing thereon was set for July 12th. On July 14, 1954, a decree was rendered overruling the motion to dissolve. On July 17, 1954, the respondents made the prescribed bond. On July 26, 1954, the cause was set for hearing on the merits for August 6, 1954. On July 27, 1954, the respondents took an appeal to the supreme court (presumably from the decree granting the temporary injunction). On September 24, 1954, the respondents dismissed the appeal taken on July 27th. Also, on September 24th a decree pro confesso on personal service was taken against respondents. Evidence was then taken before the register on September 29, 1954, and on the same date a decree was rendered granting a permanent injunction. The decree provided for redelivery of possession of the premises to respondents upon their making and executing a bond in the sum of $3,500 payable to the State, approved by the register and "conditioned upon the strict observance of this injunction." It does not appear that the prescribed bond was ever given. On March 13, 1956, one of the respondents, Garland Thompson, appellant here, filed a petition for modification of the injunction so as to permit him to rent the premises for a lawful purpose in a lawful manner. Except for minor modifications (deletion of words "or drunk" and "or other nuisance" in paragraph 4 of the decree and ordering the sheriff to turn over to petitioner all of his personal property and equipment contained in or on the premises) the petition was, in effect, denied by decree rendered on July 23, 1956. No review of that decree was sought. On June

19, 1957, Garland Thompson filed an additional petition praying that the court "decree that no legal injunction exists in this cause" and further praying, in the alternative, that the premises be released to petitioner "to be used by him for any legal purpose." On September 7, 1957, the solicitor filed a motion to dismiss said petition. On September 23, 1957, the prayer of the petition was amended by seeking permission "to rent the said premises for legal purposes." On the same day the State's motion to dismiss was overruled. Thereupon, evidence on the petition was taken ore tenus before the trial court. A decree was then rendered under date of September 23, 1957, that the original order remain in force with the exception that "the bond required in said original order be reduced from $3500.00 to $2500.00."

On October 18, 1957, petitioner Thompson took an appeal from said decree of September 23, 1957. The record was filed here on December 12, 1957, and submission was had on March 4, 1958, on the State's motion to strike the entire record and dismiss the appeal, and also on the merits. The grounds of the State's motion are as follows: (1) That the assignments of error were served on the deputy solicitor of the third judicial circuit and not served on the attorney general; (2) that a copy of appellant's brief on this appeal has not been served on the attorney general; and (3) that a citation of appeal was served on the deputy solicitor of the third judicial circuit and no citation of appeal has been served on the attorney general.

We think the State's motion is well-taken, thus necessitating dismissal of the appeal. [See concurrences, infra, showing grounds considered to be good.]

(1)

Rule 1 of the Revised Rules of the Supreme Court, effective June 1, 1955, 261 Ala. XIX, Code 1940, Tit. 7 Appendix, 1955, Cum.Pocket Part, provides that the assignments of error "shall be written or typed upon transcript paper and bound with the transcript, *and shall bear the certificate of the appellant, or his counsel, that a copy of the same has been served upon the appellee or his counsel.*" [Emphasis supplied.] It affirmatively appears from the record that the assignments of error were served on the deputy solicitor. There is no certificate or other indication that there has been any service whatever on the attorney general. The question is whether a certificate of service on the deputy circuit solicitor, who acted as counsel for the State in the trial court (Code 1940, Tit. 29, § 141; Tit. 54, §§ 13, 14), meets the requirements of Rule 1.

Section 141, Tit. 29, supra, provides as follows:

"The nuisances named in this article as liquor nuisances may be abated by a proceeding in equity in a court of competent jurisdiction, and the attorney-general or the circuit or other solicitor, or deputy solicitor, or any prosecuting officer within a county where his official duties require him to prosecute criminal cases on behalf of the state, or any citizen, or citizens of the county wherein such nuisance exists, or is maintained, may, upon their relation, file a bill in the name of the State of Alabama in the circuit court or other court possessing equity jurisdiction, in the county where the nuisance exists, to abate and perpetually enjoin the same."

Section 13, Tit. 54, provides that "The solicitor or prosecuting attorney * * * may * * * file a bill to abate liquor nuisances * * *." Section 14, Tit. 54, provides for employment in such cases of "associate counsel" by the governor or attorney-general and also "by as many as ten reputable citizens of the county who are tax payers".

■ It is apparent from the foregoing that the deputy solicitor had authority to represent the State in the trial court.

■ Code 1940, Tit. 55, § 228, provides that the attorney general "must attend, on the part of the state, to all criminal cases pending in the supreme court or court of appeals, and to all civil suits in which the state is a party in the same courts." This clearly places on the attorney general the sole responsibility of representing the State in appealed cases, thus making it mandatory that he be served with a copy of the assignments of error in such cases when the State is a party. The assignments of error constitute the pleading which the appellee is to answer in the appellate court. Unless waived, it is essential under Revised Rule 1 that the attorney general be served with a copy of the assignments of error when the State is a party on appeal.

It should be emphasized that in this case there has been no joinder in error or other action taken by the attorney general which might constitute a waiver of service on him of the assignments of error. In this connection, see: Espey v. State ex rel. Nicol, Ala., 105 So.2d 93, 94–95.

■ The fact that the deputy solicitor was one of the persons authorized to file the bill and to represent the State in the trial court does not, in view of § 228, Tit. 55, supra, authorize him to represent the State as counsel on appeal of the case. The attorney general is charged by § 228 with the sole duty and responsibility of representing the State in appealed cases. It naturally follows, then, that it is he who should be served with the assignments of error; for it is he, and only he, who is authorized by law to represent the State in appealed cases.

### (2)

■ Rule 11 of the Revised Rules of the Supreme Court, supra (Tit. 7 Appendix, 1955 Cum.Pocket Part), provides as follows:

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

It seems to us that what has been said concerning service of assignments of error on the attorney general is equally applicable to the question of service on him of appellant's brief. It affirmatively appears from appellant's brief that service was had on the deputy solicitor and not on the attorney general. Cf. Gambrell v. Bridges, 266 Ala. 302, 303, 96 So.2d 182; Bruner v. State, 265 Ala. 357, 358, 91 So.2d 224.

### (3)

Code 1940, Tit. 7, § 801, provides as follows:

"Upon an appeal being taken, the register, or clerk of the circuit court, or the judge of probate, must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, *which must be served on him, or his attorney, or solicitor,* at least ten days (unless otherwise provided) before the day to which the appeal is returnable." [Emphasis supplied.]

We have held that "due service of citation of appeal on the adverse party, his attorney or solicitor, is necessary to invoke the jurisdiction of this court, and without the record so showing, the appeal is subject to dismissal." Brock v. Stimpson, 253 Ala. 138, 139, 43 So.2d 133, 134; Riddle v. Adams, 231 Ala. 596, 597, 165 So. 848; McLeod v. Turner, 230 Ala. 673, 162 So. 309; State ex rel. Lynne v. Gurley, 217 Ala. 666, 667, 117 So. 297. See, also, Rule 28 (former Rule 30) of Revised Rules of the Supreme Court, supra (Tit. 7 Appendix, 1955 Cum.Pocket Part). This brings us to the question whether the citation

of appeal in this case, issued to and served on the deputy solicitor, meets the requirements of the stated rule.

We are constrained to hold, in view of the provisions of § 228, Tit. 55, supra, the citation of appeal in cases in which the State is a party must be served on the attorney general. As stated in Espcy v. State ex rel. Nicol, supra [105 So.2d 95], "the purpose of the citation is to be sure that the Attorney General has record notice of the appeal." In the case before us, as already noted, there has been no joinder in the assignments of error, nor has there been other action taken by the attorney general which might be considered as a waiver of service on him of the citation of appeal. Cf. Espey v. State ex rel. Nicol, supra.

It seems to us that when an appeal is taken in a case in which the State is a party, the attorney general then becomes, by virtue of the statute (§ 228, Tit. 55, supra), sole counsel representing the State.

The fact that the citation of appeal is issued by the clerk or register does not relieve an appellant from the burden of seeing that the procedural requirements for perfecting an appeal are observed. Hayes v. State, 39 Ala.App. 202, 99 So.2d 703, 704, certiorari denied 267 Ala. 695, 99 So.2d 704.

It is always with reluctance that we dismiss an appeal because of some procedural error. But when, as here, a motion is filed by appellee pointing out such errors and no effort is made or steps taken to correct them in an appropriate manner we have no alternative but to act on the motion to dismiss.

In view of what we have said it is apparent that we do not reach any question as to whether the decree of September 23, 1957, will support an appeal.

The State's motion is granted.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur in the opinion, except as hereinafter indicated, and in dismissal of the appeal.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., disagree with that part of the opinion calling for dismissal because of failure to serve the citation of appeal on the Attorney General.

SIMPSON, J., concurs in the opinion, supra.

MERRILL, Justice.

The motion of the Attorney General to dismiss the appeal because citation of the appeal was not served on him must be denied.

The almost universal practice in Alabama for many years has been to serve briefs on the Attorney General in condemnation and liquor nuisance cases. It has also become established to serve assignments of error upon that officer in those cases since the adoption of the Revised Rules in 1955.

But the established rule in this state insofar as the service of citation of appeal is concerned, has been to serve the circuit, deputy or county solicitor. To announce a new rule by court decree would upset the uniform practice followed by all the registers of all the circuit courts in our sixty-seven counties.

The statute, Tit. 7, § 801, which is mandatory, provides that such citation shall be served on "the adverse party" "or his attorney, or solicitor." The adverse party in this cause was State of Alabama. The solicitors for the State were the circuit and deputy solicitors of Dale County. They were the attorneys who filed and tried the cause; they were the only attorneys of record for the State, and the citation of appeal was served on the deputy solicitor of Dale County.

We have checked the most recent cases listed in Shepard's citations under Tit. 29,

§ 247 (condemnation of vehicles), and Tit. 29, § 141 (abatement of liquor nuisances), Code 1940, to ascertain the prevailing practice. We also checked cases in previous administrations of Attorneys General back to 1938. Without exception, the original records of those cases show that that citation of appeal was served on the circuit, deputy or county solicitor and never on the Attorney General; yet the reports of these cases show that the State was represented in this court by the Attorney General.

We think any departure from the long established and accepted rule of practice should be a matter of legislative enactment and not by court decree.

It follows that the citation of appeal was served on the deputy solicitor, an attorney representing the State, and such notice was sufficient. This feature of the motion of the Attorney General is denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

On Rehearing.

PER CURIAM.

Both parties have filed applications for rehearing. The state has filed a motion to strike appellant's application because it was not filed within the 15 days prescribed by Rule 34 of the Revised Rules of the Supreme Court, 261 Ala. xxxii, Code 1940, Tit. 7 Appendix. The state's application for rehearing challenges the holding that service of the citation of appeal on the deputy solicitor was sufficient.

■ We have no alternative but to grant the state's motion to strike. The judgment was rendered on November 6, 1958, while the appellant's application for rehearing and brief in support thereof were not filed here until November 22, 1958. See Morrow v. State, 266 Ala. 452, 453, 97 So.2d 547; Johnston v. State, 261 Ala. 373, 74 So.2d 508; Oliver v. State, 256 Ala. 336, 54 So.

2d 617; Morgan Plan Co. v. Beverly, 255 Ala. 235, 51 So.2d 179; Ullman Bros. v. State, 202 Ala. 154, 79 So. 629; Ex parte Mobile Light & R. Co., 200 Ala. 192, 75 So. 940; In re State ex rel. Attorney General, 185 Ala. 347, 349, 64 So. 310, 311.

The state's motion to strike is granted.

The state's application for rehearing is overruled.

All the Justices concur in granting the state's motion to strike. LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur in overruling the state's application for rehearing.

SIMPSON, GOODWYN and COLEMAN, JJ., dissent.