109 So.2d 140

Ex Parte NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE

N. A. A. C. P.

v.

Walter B. JONES, Judge.

3 Div. 843.

Supreme Court of Alabama.

Feb. 12, 1959.

Robt. L. Carter, New York City, Fred D. Gray, Montgomery, and Arthur D. Shores, Birmingham, for petitioner.

John Patterson, Atty. Gen., Edmon L. Rinehart and Jas. W. Webb, Asst. Attys. Gen., for respondent.

SIMPSON, Justice.

This is a petition to compel respondent, the Honorable Walter B. Jones, Judge of the 15th Judicial Circuit of Alabama, to recuse himself in a certain proceeding styled The State of Alabama, ex rel. John Patterson, as Attorney General of the State of Alabama v. National Association for the Advancement of Colored People, a Corp., now pending in his court.

■ The respondent Judge waived issuance of the rule nisi, demurred to the petition and also filed an answer thereto. The petitioner thereafter filed a certain pleading purporting to be a replication to the respondent's answer. The case then stood at issue, which was August 19, 1958. To date the petitioner has failed to file with this Court brief and argument in support of said petition. Brief and argument should have been filed within thirty days from the date the case was at issue (Supreme Court Rule 12, Code 1940, Tit. 7 Appendix). The petition, therefore, will be ordered dismissed with a brief explanation.

Revised Rule of the Supreme Court 47 provides that in all appeals involving extraordinary or remedial writs, rules of the Supreme Court shall apply, unless the Court orders otherwise (263 Ala. XXII).

Supreme Court Rule 12 stipulates that: "Counsel for appellant shall file his brief with the clerk of this court within thirty days after the transcript of the record has been filed in this court. Upon failure to so file, the appeal shall be dismissed or the case affirmed, as the case may be". We have consistently followed this rule and have dismissed appeals where there has been a noncompliance. Phalen v. Fort, 266 Ala. 213, 95 So.2d 401, and cases cited; Tipton v. Tipton, 267 Ala. 64, 100 So.2d 14.

■■ While this is not an appeal, we have treated such cases as if appeals and have applied Rule 12. The petition seeks to review the refusal of respondent to recuse himself, and the case is, and has long been, ready for submission. We are advised that the Clerk of the Court notified counsel for petitioner that brief and argument should be filed in accordance with the rule. As observed in Terry v. State, 264 Ala. 133, 85 So.2d 449, 450, "This Court will not take submission in civil cases without a brief by appellant". Neither will this Court take submission of a case such as this without a brief in support of the petition seasonably filed. Having thus failed, the petition is subject to dismissal. So ordered.

Petition dismissed.

All the Justices concur.