109 So.2d 733

**Edgar Frank CHESTANG, Harold Chestang, and Russell Chestang**

v.

**STATE.**

**1 Div. 790.**

Court of Appeals of Alabama.

March 3, 1959.

Harry Seale, Mobile, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

These appellants have been found guilty by the court below of the offense of taking, catching, or killing, between the hours of sunset and daylight, an animal protected by the laws of Alabama. In common parlance such offense is called night hunting.

These appellants were tried jointly in the court below, and separate judgments were entered as to each, and each has attempted an appeal from such respective judgments.

The evidence being the same in each case, the appeals were joined in a single transcript of the evidence.

The Attorney General has filed a motion to strike this record and dismiss these appeals on the grounds that the record was not filed in this court within the time required by law. This motion was filed on 20 November 1958.

On 1 December 1958 the appellants filed a motion to dismiss the State's motion to dismiss, and further moved that we set aside the submission of this case, and enter an order extending the time within which to file the record.

The grounds of appellees' motion are that it was the understanding of the clerk below that he had 90 days "after the overruling of the motions for a new trial or after conviction if no such motions were filed, to file the record in the office of the Clerk of the Court of Appeals."

Appellants' attorney also by affidavit in support of his motion states: "That in checking the record in that case with the notice from the Clerk of the Court of Appeals of the date of the filing he mistakenly calculated that the record had been filed within the sixty day period required

by law and filed no motion with the Circuit Judge to grant an extension of time."

In turn the State has filed a motion to dismiss appellants' motions, and sets up numerous grounds for such motion, among others that no application for an extension of time for filing the record in this court was made to the trial judge.

We pretermit consideration of whether the grounds assigned in appellants' motion, to dismiss the State's motion to strike this record, and further to dismiss these appeals, to set aside the submission and extend the time for filing this record, contain any merit.

This for the reason that it would be a futile thing to set aside this submission if we are not empowered to extend the time for filing the record in this court. That we lack such authority is clear from Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, wherein it is specifically provided an application to the trial judge and a ruling therein is a prerequisite to making an application to this court for an extension of time for filing the record in this court. No such application was made to the trial judge.

The State's motion to dismiss appellants' motions is therefore granted.

We come now to consider the State's motion to strike this record and dismiss this appeal because the record was not filed in this court within the time required by law.

The record shows that these appellants were adjudged guilty on 27 June 1958, and on that day gave notice of appeal.

They duly filed their respective motions for new trials on 9 July 1958, and such motions were overruled on 21 July 1958.

The transcript of the evidence was filed with the clerk below on 24 July 1958.

The entire record was filed in this court on 23 September 1958.

There being no objections filed to the transcript of the evidence filed in lower court, it must be deemed to have been established on the date of its filing, i. e., 24 July 1958. Lane v. State, 38 Ala.App. 487, 82 So.2d 668; Relf v. State, 267 Ala. 3, 99 So.2d 216.

The appellant had 60 days from that date (24 July 1958) in which to file the record in this court. This 60 day period would expire on 22 September 1958. The record was not filed on this date, but on 23 September 1958, or on the sixty-first day.

Section 769, Title 7, Code of Alabama 1940, and its progenitors in our seven preceding codes, provides that the transcript shall be filed in the office of the clerk of this court within sixty days of the establishment of the bill of exceptions.

The transcript of the evidence is now of course substituted for the bill of exceptions. Lane v. State, supra.

Further, Supreme Court Rule 37 provides:

"Where bills of exceptions have been abolished, the transcript of the record *shall* be filed in this court within sixty days after the transcript of the evidence has been established in the court below." (Italics ours.)

Thus the word "shall" is used in both Section 769, and in Supreme Court Rule 37.

In Tipton v. Tipton, 267 Ala. 64, 100 So.2d 14, 15, the Supreme Court, in considering a motion to dismiss the appeal on the ground the appellant's brief was not filed in the Supreme Court within thirty days as required by Supreme Court Rule 12, wrote:

"The word 'shall' is used both for setting the time when appellant shall file his brief and also for setting out the penalty for failure to file appellant's brief as required. Under the

mandatory requirements of Rule 12, this court is required to grant the motion to dismiss or, in the alternative, to read the word 'thirty,' as it appears in the rule, to be the word 'thirty-one.' This we do not have authority to do. It follows that the appeal must be dismissed, or the case affirmed."

We likewise have no authority to read the word "sixty" as it appears in Section 769, supra, and in Supreme Court Rule 37, to be the word "sixty-one."

Under the applicable statutes, rules of court, and decisions of this court and of the Supreme Court the State's motion to strike this record and dismiss these appeals is well taken, and of necessity must be granted.

Record stricken; appeals dismissed.