145 So.2d 721

**A. M. MUNCY, d/b/a A. M. Muncy Lumber Company**

v.

**GENERAL INVESTMENT COMPANY.**

**6 Div. 476.**

Supreme Court of Alabama.

June 21, 1962.

Rehearing Denied Oct. 25, 1962.

**200**

M. B. Grace, Birmingham, for appellant.

Maurice F. Bishop and Donald L. Morris, Birmingham, for appellee.

COLEMAN, Justice.

This is an appeal by plaintiff from a judgment of voluntary non-suit suffered on account of the ruling of the court sustaining a demurrer to the complaint.

■ Appellee has filed a motion to dismiss the appeal on several grounds, the first of which raises the point that the brief of appellant was not filed with the clerk of this court within thirty days after the transcript of record was filed in this court. The first ground of the motion is well taken.

It is clear that appellant's brief was not filed here within such thirty days. The transcript was filed October 15, 1959. The thirtieth day thereafter was November 14, 1959. Appellant's brief was filed November 16, 1959. Thus the brief was filed on the thirty-second and not on the thirtieth day.

In answer to the motion to dismiss, appellant states that " * * * the thirty day period expired on November 15, 1959, and November 15, 1959 was on Sunday, and when a period expires on Sunday the party has all day on Monday * * *." As we understand Supreme Court Rule 46, the thirtieth day was Saturday, November 14, and not the next day, Sunday, November 15. On the thirtieth day, Saturday, November 14, 1959, plaintiff was bound by the rule, as it stood on that day, to file his brief before the end of that day or obtain an extension of time for filing the brief. Supreme Court Rule 12. At midnight on the evening of November 14, 1959, thirty days had elapsed after the day on which the transcript was filed, and appellant had not filed his brief in this court. He was then in default.

■ We do not overlook the fact that on Monday, November 16, 1959, Rule 46 was amended to read as follows:

"In computing any period of time prescribed or allowed by these rules, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. Amended November 16, 1959." (269 Ala. XVI)

If the Saturday on which the thirtieth day expired had been November 21, 1959, then appellant would have been in time if the brief had been filed Monday, November 23, 1959. Such, however, was not the case.

The amendment to the rule does not have retroactive effect. The amendment did not apply on Saturday, November 14th. This becomes clear when the preceding Saturday, November 7th, is considered. Clearly the amendment did not apply on November 7, 1959, because there was no such amendment in effect that day. Neither was the amendment in effect on November 14, 1959. This amendment was not effective until Monday, November 16, 1959, which was too late to aid appellant. The first Saturday on which the amendme it applied was November 21, 1959.

In Tipton v. Tipton, 267 Ala. 64, 100 So.2d 14, where the brief was filed on the

thirty-first day and appellant did not apply for extension, this court held that we had no alternative to granting the motion to dismiss. This holding has been consistently followed. Ex parte N.A.A.C.P., 268 Ala. 504, 109 So.2d 140; Waterall v. Waterall, 268 Ala. 594, 109 So.2d 675; Black v. State ex rel. Johnson, 269 Ala. 269, 112 So.2d 792; Board of Com'rs of City of Montgomery v. Crenshaw, 270 Ala. 598, 120 So.2d 870. It will be followed here.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.