145 So.2d 852

Ex parte V. J. MELSTED.

6 Div. 864.

Court of Appeals of Alabama.

Oct. 16, 1962.

Rankin Fite, Hamilton, for petitioner.

John Self, Hamilton, for defendant.

JOHNSON, Judge.

This petition seeks to compel respondent, the Honorable Bob Moore, Jr., Judge of the Circuit Court for Marion County, Alabama, to set aside an order made by him as Judge of said Court on the 4th day of January, 1962, setting aside a judgment by default rendered in favor of V. J. Melsted against The Harford Mutual Insurance Company, a corporation.

The respondent, Honorable Bob Moore, Jr., as Judge aforesaid was commanded and required to show cause in this Court by February 15, 1962, at 3:00 P.M., why the writ of mandamus should not be issued as prayed for by the petitioner.

On February 9, 1962, the respondent demurred to the petition and also filed an answer thereto. An amendment to the original petition was made by the petitioner on February 12, 1962; after which, on February 15, 1962, the demurrers were refiled to the petition as amended and the answer was amended and refiled.

The record reflects that the last pleading in this cause was filed on February 15, 1962, and although said cause has manifestly stood at issue for more than thirty days, the petitioner has omitted to file a brief with the clerk of this Court as required by Rule 12 of the Rules of the Supreme Court of Alabama as amended through June 1, 1960. Such failure creates an analogy to the situation which is presented in the case of Ex parte National Association for the Advancement of Colored People v. Jones, Judge of the Circuit Court of Montgomery County, 268 Ala. 504, 109 So.2d 140.

Mr. Justice Simpson, in speaking for the Court in that cause, said with reference to the failure of the petitioner to file a brief with the clerk of the Supreme Court:

"Supreme Court Rule 12 stipulates that: 'Counsel for appellant shall file his brief with the clerk of this court within thirty days after the transcript of the record has been filed in this court. Upon failure to so file, the appeal shall be dismissed or the case affirmed, as the case may be'. * * *

"While this is not an appeal, we have treated such cases as if appeals and have applied Rule 12. * * * As observed in Terry v. State, 264 Ala. 133,

85 So.2d 449, 450, 'This Court will not take submission in civil cases without a brief by appellant'. Neither will this Court take submission of a case such as this without a brief in support of the petition seasonably filed."

Under this authority, we cannot take submission of this case and the same must be dismissed. It is so ordered.

Petition dismissed.