164 So.2d 504

**Ex parte Rosie NETTLES.**

**6 Div. 42.**

Supreme Court of Alabama.

March 26, 1964.

Rehearing Denied May 28, 1964.

J. Earl Langner, Birmingham, for petitioner.

J. Mason Davis, Birmingham, for respondent.

SIMPSON, Justice.

This is a petition to compel the Honorable J. Edgar Bowron, Presiding Judge of the Tenth Judicial Circuit, to transfer to the equity docket a civil action in the case of Mamie Nettles, Plaintiff v. Rosie Nettles, et al., Case No. 53514X, pending in that court. Rule nisi, as prayed for in the petition, was issued to the respondent Judge on November 6, 1963, returnable within thirty days from said date.

The respondent demurred to the petition and also filed an answer thereto, December 5, 1963. The cause was then at issue and pending in this Court. It was submitted February 11, 1964 but under the authority of Ex parte National Association for Advancement of Colored People (N.A. A.C.P. v. Jones), 268 Ala. 504, 109 So.2d 140 we have no alternative but to dismiss the petition, no brief in support of the petition having been filed in accordance with the requirements of the rules of this Court.

As stated in the N.A.A.C.P. case, supra:

"Revised Rule of the Supreme Court 47 provides that in all appeals involving extraordinary or remedial writs, rules of the Supreme Court shall apply, unless the Court orders otherwise (263 Ala. XXII).

"Supreme Court Rule 12 stipulates that: 'Counsel for appellant shall file his brief with the clerk of this court within thirty days after the transcript of the record has been filed in this court. Upon failure to so file, the appeal shall be dismissed or the case affirmed, as the case may be'. We have consistently followed this rule and have dismissed appeals where there has been a noncompliance. Phalen v. Fort, 266 Ala. 213, 95 So.2d 401, and cases cited; Tipton v. Tipton, 267 Ala. 64, 100 So. 2d 14.

"While this is not an appeal, we have treated such cases as if appeals and have applied Rule 12. The petition seeks to review the refusal of respondent to recuse himself, and the case is, and has long been, ready for submission. * * * As observed in Terry v. State, 264 Ala. 133, 85 So.2d 449, 450, 'This Court will not take submission in civil cases without a brief by appellant'. Neither will this Court take submission of a case such as this without a brief in support of the petition seasonably filed. Having thus failed, the petition is subject to dismissal."

Perhaps the Court acted improvidently in accepting a submission in the instant case but this inadvertence could in no way avert a dismissal under the authorities, supra.

Petition dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.