187 So.2d 574

**Addie DENSON**

v.

**STATE.**

8 Div. 36.

Court of Appeals of Alabama.

June 7, 1966.

Ralph E. Slate, Decatur, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal from the County Court of Morgan County was submitted January 6, 1966.

Appellant was convicted by a jury on a charge made by affidavit before the county solicitor accusing her of selling, possessing, etc., prohibited liquors. Code 1940, T. 29, § 98. The court sentenced her to six months hard labor for the county.

Judgment was rendered February 2, 1965. Motion for new trial was filed and presented February 24, 1965, and set for March 1. Apparently the motion was heard and taken under advisement. The motion was denied by judgment of March 10, filed March 17, 1965.

No other minute entry appears.

■ In Holman v. Baker, 277 Ala. 310, 169 So.2d 429, the court seemingly holds that a contemporaneous entry, curia advisare vult, need not be made by the court on the submission of a motion for new trial. However, the later entry should recite the historical fact of the date of submission; otherwise, under Code 1940, T. 13, § 119, power over the original judgment lapses.

■ Also, the Attorney General has moved to strike under Supreme Court Rule 37.[1] The transcript of evidence was filed in the office of the clerk below on September 2, 1965.

Rule 37 confers sixty days to get the entire record to the appellate court. The sixty days is measured from the filing of the evidence transcript.

The record came here November 2, 1965, one day late.

In such case, we cannot ascribe any difference between "too late" and a day too

---

1. The second sentence of Rule 37 reads: " * * * Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. * * *"

late. Chestang v. State, 40 Ala.App. 169, 109 So.2d 733; Mid-State Homes, Inc. v. Peoples, 42 Ala.App. 182, 157 So.2d 808.

Motion granted; record stricken; appeal dismissed.