BOOKOUT, Judge.
Appellant was found guilty in the Municipal Court of Montgomery, Alabama, on a charge of keeping false books or accounts. He appealed to the circuit court and after a trial de novo, was found guilty by a jury and fined $1,000.00. He filed notice of appeal on that same date, June 18, 1975. The record on appeal shows that on July 9, 1975, a motion for a new trial was filed and hearing thereon was set for July 21, 1975. The record shows no further action on behalf of the appellant to perfect an appeal until April 2, 1976, when his current attorney filed a motion to extend the time for filing the court reporter’s transcript. An extension was granted until June 1, 1976. Other motions to extend the time for filing the transcript were apparently executed at various times after April 2, but were filed October 1, 1976, with the circuit clerk.
On April 23, 1976, appellant’s attorneys filed a “PETITION FOR AN INDIGENT TRANSCRIPT,” which was granted by the trial judge on that date.
On November 9, 1976, counsel for appellant filed a motion to order the circuit clerk to file the record proper with this Court for our determination if the case should be remanded for completion of the record or a new trial. That motion further states that the court reporter has removed himself permanently from the state of Alabama and has failed or refused to supply a transcript, as of that date. The trial judge granted that motion on November 9, 1976.
On December 6, 1976, appellant filed a motion to correct the record to show that the trial judge had ruled on the motion for a new trial and had appointed an attorney for the appellant. The trial judge issued an order to correct the record, and a supplemental record was filed in this Court on December 13,1976, showing that the motion for a new trial was overruled and an attorney was appointed for the appellant, but the trial court had no recollection, and the court records did not reflect the dates of such orders.
Since the appeal was taken in the instant ease prior to December 1, 1975, the new Rules of Appellate Procedure do not apply.
*225 Title 15, § 380(16), (Act No. 525, Acts of Alabama 1963), provides for free transcripts for indigent defendants. It reads in pertinent part as follows:
“In such criminal cases where the defendant has been adjudicated guilty by the trial court he may, if no motion for a new trial is filed, within ten days after the last day on which a motion for a new trial could have been filed, or within ten days after the ruling of the trial court upon a motion for a new trial, duly filed and ruled on adversely to defendant, file with the clerk or the trial judge of the court wherein such defendant was adjudicated guilty and sentenced, a petition in writing, sworn to and subscribed by said defendant, stating that defendant desires to take an appeal under the provisions of sections 380(14)-380(25) of this title. . . .”
The record in the case shows no action whatsoever between July 9, 1975, when the motion for a new trial was filed, and April 2, 1976, when an extension for filing the court reporter’s transcript was requested by appellant’s current attorneys. The record proper does not show that the motion for a new trial was kept alive by timely continuances as required by law (Title 13, § 119), neither does the supplemental record show when the motion for a new trial was overruled, or when an attorney was appointed for appellant. The record shows no compliance with Title 15, § 380(14)-(25), supra, to appeal as an indigent.
Likewise, there was no determination by the trial court of indigency for the purposes of appeal or for the purposes of obtaining a court reporter’s transcript until April 23, 1976. Such motion and ruling thereon obviously came much too late. The court reporter’s transcript must have been filed with the clerk of the circuit court within sixty days from the date on which the appeal was taken or sixty days from a ruling on a motion for a new trial. Title 7, § 827(1), Code of Alabama, Recompiled 1958 (Act No. 97, Acts of Alabama 1956, approved February 9,1956). No timely extension appears in the record. The complete transcript was due to be filed with this Court either, within sixty days of receipt of a transcript of the evidence by the circuit clerk, or where no attempt was made to secure a transcript of the evidence, then within sixty days after taking the appeal. See former Supreme Court Rule 37.
A ruling on the motion for a new trial or continuance thereof must show on the face of the record. In Moving Picture Machine Op. Local No. 236 v. Cayson, 281 Ala. 468, 205 So.2d 222 (1967), the Supreme Court stated:
“§ 119, Title 13, Code 1940, provides that after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial, has been filed and called to the attention of the court and an order entered continuing the motion for hearing to a future day. . . .”
From the record it is obvious that the trial court had lost all jurisdiction over the case when appellant filed his first request to extend the time for filing the transcript of the evidence. Denson v. State, 43 Ala.App. 243, 187 So.2d 574 (1966). The record on appeal was, therefore, not timely filed. Relf v. State, 267 Ala. 3, 99 So.2d 216 (1957).
APPEAL DISMISSED.
All the Judges concur.