162 So.2d 240

George **ISBELL** et al.

v.

**STATE** of Alabama ex rel. William W. RAYBURN, Solicitor.

**7 Div. 618.**

Supreme Court of Alabama.

Feb. 20, 1964.

Rehearing Denied March 26, 1964.

Rowan S. Bone and Hugh H. Smith, Gadsden, for appellants.

Richmond M. Flowers, Atty.Gen., and Winston Huddleston, Sp. Asst. Atty. Gen., for appellee.

HARWOOD, Justice.

The State of Alabama, on the relation of Hon. William W. Rayburn, Solicitor of the Sixteenth Judicial Circuit of Alabama, filed a bill to abate an alleged liquor nuisance. The bill was properly verified by Rayburn.

The bill averred that the respondents, for a period of six months before the filing of the bill, on premises located at 2616 Railroad Avenue, in Gadsden, Alabama, and occupied

352

by respondents, had maintained the premises as headquarters for the selling, storing, or consuming of illegal beverages, a part of which was alcohol, and that police officers of the City of Gadsden, and the Sheriff's officers of Etowah County have had numerous complaints concerning the premises;

That the respondent George Isbell was adjudged guilty of violating the liquor laws on 7 January 1963, and on 25 January 1963, and jail sentences and fines were imposed on him, and on 11 March 1963, the said respondent had been adjudged guilty of vagrancy, and fined $500;

That the premises are assessed in the name of respondent Tommie H. Isbell, and occupied by both respondents, who have been present on occasions when officers located intoxicating liquors on the premises, and that the respondents participated in, or had knowledge of the storing, selling, or consuming of said intoxicating liquors on the premises.

■ The averments of the bill comply with the statutory requirements and are sufficient to invoke the equity jurisdiction of the Circuit Court of Etowah County, Secs. 97, 141, 142, Title 29, Code of Alabama 1940; Klein v. State ex rel. Evans, 238 Ala. 148, 189 So. 771.

The bill was filed and presented to the court on 29 March 1963, who on that date ordered the Register to forthwith issue a temporary writ of injunction as prayed for in the bill. The temporary writ of injunction was issued by the Register on that day.

The respondents also were personally served with summons and bill of complaint, and with a copy of the temporary injunction on that same day.

The respondents having failed to plead, answer, or demur within thirty days, the Register on 1 May 1963 entered a decree pro confesso against them.

On 14 May 1963, on oral examination before the Register, the State presented Felton Yates who deposed to facts substantiating the averments of the bill. In the note of submission Yates is referred to as Deputy Felton Yates, and is also so designated by the court in its final decree.

Thereafter on 27 May 1963, the case being submitted on the original bill and the deposition of Yates, the court entered judgment injoining the respondents from possessing, storing, or selling intoxicating liquors on the premises in question, or maintaining a liquor nuisance thereon, and ordering that the Sheriff be directed to padlock the premises.

A permanent injunction pursuant to this decree was entered on 31 May 1963.

Thereafter the appellants perfected this appeal.

In brief counsel for appellants contend that neither the bill nor the evidence presented to the court (deposition of Yates) was sufficient to authorize a final decree and permanent injunction.

We do not agree. As before stated, the bill amply set forth the statutory prerequisites essential to invoke the equity jurisdiction of the court, and averred facts with sufficient certainty to justify the action of the court if established.

These respondents at no time or at any stage of the proceedings appeared to contest the averments of the bill.

■■ A decree may be rendered without proof, when the bill has been taken for confessed on personal service, Wellborn v. Tiller, 10 Ala. 305, and in cases where a decree pro confesso is lawfully taken, the allegations of the bill are to be regarded as admitted by the defendants against whom such decrees are taken, except in certain cases not here involved, Equity Rule 32, and cases cited thereunder.

It is also to be noted that the appellants, after the decree pro confesso had been taken, at no time appeared to contest the merits of the bill, nor did they appear be-

fore the Register on the reference as they may have under Equity Rule 33.

The decree below is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.