113 So.2d 133

**CITY OF ATHENS**

v.

**Deloraise COOK, as Administratrix, etc.**

**8 Div. 885, 885–A.**

Supreme Court of Alabama.

Aug. 28, 1958.

Rehearing Denied May 14, 1959.

Further Rehearing Denied June 25, 1959.

Thos. S. Woodroof, Woodroof & Woodroof, Athens, and J. Reese Murray, Jr., and White, Bradley, Arant, All & Rose, Birmingham, for appellant.

Julian Harris and Norman W. Harris, Decatur, for appellee.

**LAWSON, Justice.**

This is a suit by Deloraise Cook, as administratrix of the estate of Albert Cook, deceased, against the City of Athens to recover damages on account of the death of her husband, Albert Cook, who was electrocuted on June 1, 1955, while working for the defendant. Plaintiff's intestate was employed by the defendant City in connection with the maintenance and operation of its electrical distribution system.

On September 5, 1956, there was a jury verdict in favor of the plaintiff fixing damages in the sum of $12,700. Judgment was rendered on the same day in accordance with the jury's verdict. The defendant City filed a motion for a new trial on October 1, 1956, which was overruled on October 24, 1956. An appeal was taken to this court on November 5, 1956. The certificate of appeal was filed here on November 17, 1956.

Submission in this court was on the merits, on appellee's "Motion for Affirmance and for Judgment on Supersedeas Bond," on appellant's answer to that motion, on an appeal from a supplemental order or judgment purporting to correct certain entries in the transcript of the record concerning the date on which the transcript of the evidence was filed in the office of the circuit clerk, on several other motions, applications, petitions, answers, returns, agreements and affidavits, most of which relate to and were prompted by appellee's insistence in her "Motion for Affirmance and for Judgment on Supersedeas Bond" that she was entitled to an affirmance of the judgment in her favor without any consideration of the errors assigned by appellant because the transcript of the record was not filed in this court within the time prescribed by Supreme Court Rule 37, as amended, to which we will refer hereafter as Rule 37, Code 1940, Tit. 7 Appendix. See 263 Ala. XXI.

Rule 37 provides that the transcript of the record shall be filed with this court within sixty days after the transcript of the evidence has been established in the court below, unless the time for filing the transcript of the record is extended by the trial judge or by this court. As to the right of the trial judge to extend the time for filing in this court, the rule provides: "The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days."

No request was made of the trial judge for an extension of time within which to file the transcript of the record in this court.

But included in the appellant's answer to appellee's "Motion to Affirm and for Judgment on Supersedeas Bond" is the prayer, in the alternative, that this court enter an order extending the time for filing the transcript of the record for a period of sixty days from December 28, 1956, the day on which appellant contended the transcript of the evidence was established in the court below. The transcript of the record was filed here on February 12, 1957, well within sixty days from December 28, 1956. Appellant's answer to appellee's said motion was, as heretofore indicated, among the documents on which this cause was submitted to this court on May 14, 1957.

In regard to extensions of time for the filing of the transcript of the record by this court, Rule 37 provides:

"Thereafter [after ninety days from the date on which the transcript of the evidence was established in the court below] the time for filing in this court may be extended only by this court·*for good cause* shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made *for a good and sufficient reason.*" (Emphasis supplied.)

██ This court can extend the time for filing the transcript of the record for as long as it deems proper under the circumstances of the particular case, since Rule 37 does not purport to limit it in that respect. Likewise, Rule 37 prescribes no time for the filing of the application in this court, but it should be filed before submission of the cause. However, our action on the application need not be taken prior to submission.

Here the application for extension was made to this court prior to submission on a petition in writing, of which counsel for appellee had more than ten days' notice.

But, as shown above, no application for an extension was ever made to the trial judge and there is nothing in this record to indicate that he was unavailable.

So we come to the question as to whether the appellant has shown "a good and sufficient reason" for not making an application to the trial judge.

We are of the opinion that this question should be answered in the affirmative. The matters before us demonstrate beyond peradventure that counsel for the appellant did not become aware of any necessity for making application to the trial judge for an extension until it was too late, if in fact the transcript of the evidence was established in.the court below at the time contended for by appellee. We will not undertake to delineate all of the facts and circumstances bearing on the question at hand. We are clear to the conclusion that counsel for the appellant acted in good faith and should not be penalized for not making a request of the trial judge to extend the time for filing in this court. We are also of the opinion that the appellant has shown "good cause" why this court should extend the time for the filing of the transcript of the record here. Rule 37 gives us discretion in matters of this kind to the end that justice may be done. We have given much thought and careful study to this procedural question and feel that the ends of justice can only be met by entering an order that the time for filing the transcript of the record in this case be extended to include February 12, 1957, the day on which the record was filed here. This conclusion makes it unnecessary for us to pass on the numerous other matters upon which this cause was submitted except the merits.

### On the Merits

The plaintiff's complaint consisted of Counts 1–7. Count 7 was stricken at the conclusion of the evidence. Count 1 was based on an alleged breach of the defendant's common-law duty to provide its employee, Albert Cook, with a reasonably safe place at which to work. Count 2 as amended and Count 3 were based on an alleged breach of the defendant's common-law duty to provide reasonably safe tools or appliances. Counts 1, 2 and 3 were filed under the authority of the wrongful death statute. § 123, Title 7, Code 1940. Counts 4, 5 and 6, as amended, were based on the superintendence subdivision of the Employer's Liability Law and were filed under the homicide provision of that law. §§ 326, 328, Title 26, Code 1940.

The defendant, the City of Athens, filed seven pleas. Plea 1 was the general issue.

Plea 7 set up contributory negligence of plaintiff's intestate. Pleas 2–6 relied upon the Workmen's Compensation Law as a defense. Plaintiff's demurrer to Pleas 1, 2, 3 and 7 was overruled but the demurrer was sustained as to Pleas 4, 5 and 6. The defendant filed Pleas 8 and 9 which also set up the Workmen's Compensation Law as a defense. Demurrer was sustained to Plea 8 and a part of Plea 9 was stricken on motion of plaintiff. Issue was joined on the complaint as amended and on defendant's Pleas 1, 2, 3, 7 and 9. After the taking of testimony had begun, the defendant filed Pleas 1–A and 1–B, both of which set up the Workmen's Compensation Law as a defense. Plaintiff's demurrer to those two pleas was sustained. After the conclusion of the evidence the trial court, at the request of the plaintiff, gave written charges to the jury to the effect that the defendant was not entitled to a verdict under Pleas 2, 3 and 9, thereby eliminating the Workmen's Compensation Law as a defense. After the conclusion of evidence and after the argument of counsel to the jury and after the court had instructed the jury, defendant filed its Plea 1–C which averred, in substance, that the death of plaintiff's intestate was caused by an unavoidable accident. This plea was stricken on motion of plaintiff.

The cause was finally submitted to the jury on the first six counts of the complaint, as amended, and on the defendant's Pleas 1 and 7, the general issue and contributory negligence of plaintiff's intestate. As heretofore shown, the jury found in favor of the plaintiff. The appeal here is, of course, from the judgment based on that verdict.

The principal contention of defendant on the trial of the case was that Albert Cook and the City of Athens were subject to the provisions of the Workmen's Compensation Law at the time of the death of Albert Cook, and that the plaintiff, therefore, had no right to maintain this suit. Adverse rulings of the trial court on that and related questions are involved on this appeal. The appellant does not rely upon any other ruling as a basis for reversal of the judgment below.

The main question for our consideration is raised by the trial court's action in charging out of the case the defendant's Pleas 2, 3 and 9, which averred that the City of Athens had elected to accept the provisions of the Workmen's Compensation Law. These rulings are questioned in Assignments of Error 20, 21 and 22.

It was provided in § 8 of the Workmen's Compensation Act (Act 245, approved August 23, 1919, General Acts 1919, pp. 206, 208) that its provisions should not apply to any city unless it accepts the provisions of the act by filing written notice with the probate judge of the county, which notice was to be recorded by the judge of probate and a copy thereof to be posted at the place of business of the city. The aforementioned provisions of § 8 of the original Workmen's Compensation Act were included in § 7543 of the Code of 1923 and are present in § 263 of Title 26, Code 1940, as amended.

The defendant took the position that by action taken in 1937 the City Council and Mayor accepted the Workmen's Compensation Law. It also contended that this action was ratified in 1941 and each year since 1937 by carrying workmen's compensation insurance.

The minutes of the City Council of the City of Athens under date of February 5, 1937, in so far as they pertain to the matter presently before us, read as follows:

"State of Alabama City of Athens
"Limestone County. February 5, 1937

"At a regular meeting of the City Council of Athens, Alabama, there were present Mayor R. H. Richardson, Jr., Aldermen, T. E. Gilbert, C. H. Long, Henderson Legg and E. E. Nelson. Alderman Strange Absent.

"The matter of Public Liability and Property damage Insurance, Also Compensation Insurance was brought up by Mayor Richardson and after a general discussion of this, Alderman Gilbert moved that the Mayor be instructed to take the necessary steps to have the proper Public Liability, Property damage and Compensation policies issued. Alderman Long seconded the motion, and on roll call, Mayor Richardson Voted 'Aye', Alderman Gilbert Voted 'Aye', Alderman Long Voted 'Aye' and Alderman Nelson Voted 'Aye'. Mayor Richardson announced that there were Five 'Ayes' and no 'Noes' and that the motion had carried."

On March 6, 1937, R. H. Richardson, Jr., Mayor of the City of Athens, filed in the office of the Judge of Probate of Limestone County a notice to the effect that the City of Athens elected to accept the provisions of the Workmen's Compensation Law. That notice read as follows:

"City of Athens to Workmen's Compensation Law ⎱ Notice of Election to Be Bound by Article 1 & 2 of Chapter 287 Code of Alabama, Known as the Workmen's Compensation Law.

"We, the City of Athens, Alabama, do hereby elect to accept the provisions of Article 1 and 2 of Chapter 287 of the Code of Alabama, known as the Workmen's Compensation Act, said acceptance and election to be bound by the provisions of Articles 1 and 2 of this Law, to be effective from December 7, 1936.

"Copy of this election to be so bound is herewith filed with the Probate Judge of Limestone County, Alabama, and, further, copy of this election is herewith posted at the employer's principal place of business.

"Witness: L. P. Cartwright
R. H. Richardson, Jr.,
"Mayor
"Filed March 6, 1937
A. M. McConnell, Judge
of Probate"

The instrument copied above is recorded in the office of the Judge of Probate of Limestone County and a copy thereof was duly posted at the principal place of business of the City of Athens.

The defendant City also introduced in evidence the minutes of a regular meeting of its City Council held on November 21, 1941, which read as follows:

"The matter of the City's insurance including property damage, Workmen's Compensation and automobile was discussed and the matter of insuring policemen and other employees paid from the general fund of the city was discussed and it was decided that only the employees of the City and Rural Light Departments be covered by Workmen's Compensation and property damage insurance in the future and that all cars owned by the Light Departments and those used in the general operation of the city would be covered by automobile insurance including non-ownership insurance on all cars owned by employees and from time to time used for city operation.

"Proposals submitted by the United States Fidelity & Guaranty Company and the Travelers' Insurance Company was submitted and it appearing to the best interest of the city Alderman Long offered the following motion and moved its adoption.

" 'Resolved: That Workmen's Compensation and Property Damage Insurance be placed on all employees of the Light Departments and that all

automobiles and trucks, other than fire trucks, owned by the City of Athens be covered by automobile insurance including non-ownership insurance on cars of employees of the City.' This motion was seconded by Alderman Henderson Legg and on roll call Mayor Richardson voted 'aye', Alderman W. A. Strange voted 'aye', Alderman C. H. Long voted 'aye', Alderman T. E. Gilbert voted 'aye', Alderman E. E. Nelson voted 'aye' and Alderman Henderson Legg voted 'aye'. Mayor Richardson announced that there were six 'ayes' and no 'noes' and that the motion had carried."

The evidence further showed that from 1937 to the time of the trial the City of Athens carried workmen's compensation insurance on the employees of its "Light Departments" and premiums were paid annually thereon by the City Clerk under authorization of the City Council. The defendant City also carried Employer's Liability insurance.

The theory of plaintiff, apparently accepted by the learned trial judge, is that an acceptance of the provisions of the Workmen's Compensation Law by a municipality can only be accomplished by a complete legislative act in the form of an enacted ordinance or law and that the action taken by the City Council on February 5, 1937, and that taken on November 1, 1941, did not rise to the dignity of an enacted ordinance or law accepting the provisions of the Workmen's Compensation Law by the defendant City and hence the defendant had not legally accepted the provisions of that law.

 The Workmen's Compensation Law does not spell out the manner in which the governing body of a city must act in accepting the provisions of that law. There is no requirement that such action must be in the form of an ordinance. While it is not provided that the election may be in the form of a resolution or action on a motion, we are of the

opinion that such procedures are permissible.

There is no express statement in the minutes of February 5, 1937, that the City Council accepts or elects to accept the provisions of the Workmen's Compensation Law. But in our opinion the action of the Council in directing the Mayor to procure compensation insurance is subject to no other reasonable construction or interpretation than that the Council had decided to accept the provisions of the Workmen's Compensation Law and to that end directed the Mayor of the City to secure the necessary policies of insurance.

The intent of the City Council as reflected in its action taken on February 5, 1937, controls. White v. Board of Adjustment, 245 Ala. 48, 15 So.2d 585. That intention is to be ascertained primarily from the language used, but that language should be construed to give effect to the intent or purpose of the Council and the object which it sought to accomplish. The spirit, rather than the letter, determines the construction to be placed on the language used by the Council and the court should look less to the words and more to the context, subject matter, purpose and spirit of the ordinance, resolution or motion. City of St. Louis v. James Braudis Coal Co., Mo.App., 137 S.W.2d 668.

In our opinion the action taken by the City Council as reflected by its minutes of February 5, 1937, clearly shows that the Council had finally determined to accept the provisions of the Workmen's Compensation Law. The direction to the Mayor to take the necessary steps to have the proper insurance policies issued was but a directive to that official to carry out an administrative function. The situation here is in our opinion distinguishable from that considered by this court in the case of Jones v. McAlpine, 64 Ala. 511. The minutes of the City of Talladega under date of May 9, 1877, upon which reliance was had in that case, showed that the City Council had taken no final

action on the matter at hand, but to the contrary had instructed the Mayor to prepare an ordinance covering certain changes in the license law, which the minutes showed the Council desired. The ordinance, although later prepared by the Mayor, was never adopted by the Council. But as before indicated, in the instant case the minutes of February 5, 1937, show that the governing body of the City of Athens had finally spoken in connection with its acceptance of the Workmen's Compensation Law.

In view of the foregoing, we hold that the able and distinguished trial judge was in error in charging out of the case the defendant's Pleas 2, 3 and 9. This view makes it unnecessary for us to give consideration to the other assignments of error argued by appellant, all of which pertain to related questions.

The judgment of the Circuit Court of Limestone County is reversed and the cause is remanded.

Reversed and remanded.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.

On Application for Rehearing

LAWSON, Justice.

It is strenuously insisted in brief filed in support of appellee's application for rehearing that we did violence to the spirit and purpose of Supreme Court Rule 37, as amended, Code 1940, Tit. 7 Appendix, when we extended the time for filing the transcript of record in this court, on appellant's motion made prior· to submission, even though no application for extension of time had been made to the trial judge.·

In the original opinion we held in effect that there was a "good and sufficient reason" shown as to why appellant did not apply to the trial judge for an extension of time within which to file the transcript of record in this court. We did not, however, set out the facts and we are called upon to do so in the application for rehearing. We concluded from the numerous motions, petitions, affidavits and from the supplemental transcript that the fact that counsel for appellant and the circuit clerk both were under the impression that neither the transcript of the evidence on the main trial nor the transcript of the evidence on the hearing of the motion for new trial had been filed in the office of the circuit clerk prior to December 28, 1956, was "good and sufficient reason" even though they may have been mistaken in that respect in that the transcripts of the evidence had been deposited in the office of the clerk prior to that time by the court reporter. We adhere to that conclusion. In adopting Supreme Court Rule 37, as amended, it was the purpose and intention of this court to give us the right to exercise our discretion in matters of this kind to the end that justice be done, and we did not intend to restrict our right to grant extensions of time for the filing of the transcript of the record where there was no application made to the trial judge only in those instances where the circumstances existing made it difficult or impossible to apply to the circuit judge. The facts of each case must govern our action.

In the original opinion we did not expressly rule on the appeal from the judgment of the circuit court ordering corrections made in the transcript of the record theretofore filed in this court. In view of the fact that this judgment of the trial court followed a hearing wherein witnesses were examined orally before him, we are inclined to the view that that judgment should be affirmed and the costs involved in that supplemental proceeding should be taxed against the City of Athens, the appellant.

The appellee in her brief filed in support of application for rehearing also questions our holding on the merits. We see no occasion to go into that question again. We gave serious consideration to the insistences made by able counsel for appellee·

**372**

in briefs filed on original submission. We could not agree with those contentions at that time and we do not agree with them now.

Opinion extended, judgment modified, application for rehearing overruled.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.