137 So.2d 748

**Talmadge BRASHER et al.**

v.

**Carl BRASHER et al.**

**6 Div. 673.**

Supreme Court of Alabama.

Feb. 1, 1962.

Rogers, Howard, Redden & Mills, Birmingham, for appellants.

Robt. A. Sapp, Thos. A. Smith, Jr., and Wilford Tucker, Cullman, and Joe Starnes, Guntersville, for appellees.

COLEMAN, Justice.

This is an appeal from decree overruling demurrer to bill in equity.

The cause was submitted on appellees' motion to dismiss the appeal and on the merits.

Appeal was taken December 1, 1960. Under Rule 37 of the Revised Rules of this court, " * * * in equity cases the transcript shall be filed within sixty days of the taking of the appeal. * * *" 263 Ala. XXI; Code 1940, Title 7, Appendix. In compliance with Rule 37, the last day for filing the transcript in this case; i. e., the sixtieth day after December 1, 1960; was January 30, 1961. The transcript was filed in this court February 3, 1961, which was the sixty-fourth day after the taking of the appeal.

Rule 37 provides that the trial judge may extend the time for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days. Thereafter the time may be extended only by this court for good cause shown. The application to the trial judge and a ruling thereon are prerequisites to making application to this court unless it be shown that the trial judge was unavailable or that application to him for an extension was not made for a good and sufficient reason.

The thirtieth day after January 30, 1961, was March 1, 1961.

On March 2, 1961, appellants filed in this court an application for extension of time in which to file appellants' brief. The application was granted. The application bears a certificate dated March 1, 1961, to effect that the attorney for appellants had on that day mailed a copy thereof to the respective attorneys for appellees. The application states that the 6th day of March, 1961, is the date on which appellants' brief is due to be filed. This statement is based on the fact that the transcript was filed in this court on February 3, 1961. We mention this statement to show that, on March 1, 1961, appellants had knowledge that the transcript had been filed in this court on February 3, 1961. Appellants make no assertion to the contrary.

On March 3, 1961, appellees filed in this court their motion to dismiss the appeal for appellants' failure to file the transcript in this court within the time required by Rule 37.

On March 6, 1961, appellants filed answer to the motion to dismiss. Incorporated in the answer is a prayer that this court make an order extending the time for filing the transcript in this court. The application states that appellants' counsel had been advised that the transcript would be filed within sixty days, that counsel resided in Birmingham and it is burdensome for them to consult with the Register in Cullman, that substantial rights are affected by the appeal, and that three days' delay in filing the transcript works no hardship or injustice to appellees. The answer also states "That at this time it would be without avail to apply to the trial Judge in this cause for an extension of time because more than thirty (30) days have run since the expiration of sixty (60) days from the filing of the Notice of Appeal."

On March 7, 1961, there was filed in this court an order signed by the trial judge

granting thirty days' extension of time for filing the transcript in this court, but the order is dated March 3, 1961, which date is more than ninety days after the appeal was taken. The order shows a finding by the trial judge that good cause exists as to why the record had not been filed within the sixty-day period. The order is silent, however, with respect to any cause for appellants' failure to apply for such an order "within the thirty additional days."

In Terry v. State ex rel. Pettus, 264 Ala. 133, 85 So.2d 449, this court said the trial judge cannot make such an order after the expiration of the thirty-day period. We do not think the order made after the expiration of that period in the case at bar is sufficient to constitute the prerequisite to making application to this court.

There remains the further provision to excuse appellants from applying to the trial judge, to wit, that he was unavailable or that application to him was not made for a good and sufficient reason. It is not suggested that the trial judge was not available, and no good and sufficient reason is suggested for failure to apply to him within the thirty additional days in the instant case.

In that respect, this case differs from City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133, where this court held that appellant had shown good and sufficient reason for not making application to the trial judge. We are of opinion that appellants have not shown such reason in the case at bar.

The situation here is analagous to that in Ridgeway v. Lovelady, 268 Ala. 503, 108 So.2d 459; Smith v. Alverson, 270 Ala. 628, 120 So.2d 898; Edge v. Edge, 271 Ala. 283, 123 So.2d 111; and similar cases.

In Edge v. Edge, supra, appeal was taken December 9, 1959, and the transcript was filed in this court on February 18, 1960, which was the seventy-first day after the taking of the appeal. There was no effort to obtain an extension of time for filing the transcript, made either in the circuit court or in this court. In the instant case, so far as the record shows, no such effort was made until more than ninety days had expired after taking the appeal. In the instant case, as in the Edge case, "The motion is well taken and we have no alternative but to grant the motion."

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.