201 So.2d 400

**Arthur H. BODIFORD**

v.

**Dave L. GANUS et al.**

**4 Div. 274.**

Supreme Court of Alabama.

June 22, 1967.

Rehearing Denied Aug. 17, 1967.

Jas. M. Prestwood, Andalusia, for appellant.

W. H. Baldwin, Andalusia, for appellees.

SIMPSON, Justice.

This is a suit involving a bill filed in the court below seeking a sale for division of certain real property in Covington County. The respondent therein has appealed from a decree rendered after hearing.

Submission here is on the merits and appellees' motion to dismiss the appeal. We must first examine the motion to dismiss:

■ The final decree appealed from was rendered by the Circuit Court of Covington County, In Equity, on July 16, 1966. On August 5, 1966, the respondent perfected the appeal by giving and having approved his supersedeas bond as required by Title 7, § 766. There is no question but that the appeal was timely taken, and that the filing and approval of the supersedeas bond marked the day on which the appeal was taken.—Bedwell v. Dean, 221 Ala. 224, 128 So. 389.

The point is made in appellees' motion to dismiss, however, that the transcript of the record was not timely filed with the Clerk of this court. Title 7, § 769, and Supreme Court Rule 37 require:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal."

Here, as noted above, the appeal was taken on August 5, 1966. The transcript was filed with the Clerk of this court on October 31, 1966, some 87 days after the appeal was taken.

■ No extension of time for a late filing of the transcript was sought or obtained in the trial court, nor in this court. We are precluded, therefore, under our cases from "going into the merits or demerits of the delay".—Supreme Court Rule 37, as amended; Ridgeway v. Lovelady, 268 Ala. 503, 108 So.2d 459.

It follows that the motion to dismiss must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.