218 So.2d 269

Ethel Mae **NETTLES**

v.

Woodrow **NETTLES.**

1 Div. 545.

Supreme Court of Alabama.

Jan. 23, 1969.

458

Warren L. Finch, Mobile, for appellant.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

BLOODWORTH, Justice.

This is an appeal from a decree of the circuit court of Mobile County, in equity, rendered June 27, 1968.

The appeal was taken by filing security for costs August 23, 1968. Citation on appeal by the register below states the appeal is returnable October 22, 1968. The transcript was not filed in this court until October 23, 1968.

On December 3, 1968, appellee filed a motion to dismiss the appeal on grounds: That the transcript was not filed within sixty days of the taking of the appeal, as required by Title 7, § 769, Code of Alabama, as amended, and Rule 37, Revised Rules of the Supreme Court, 279 Ala. XXI, XXXVIII; and, that the appellant has failed to file briefs within thirty days after the transcript was filed in accordance with Rule 12, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVII.

The next day, December 4, 1968, appellant filed a "MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE TRANSCRIPT" in this court asking for extension of thirty days "* * * for the reason that the administrative and clerical help in the office of the attorney for the appellant has undergone a major change in the last two (2) months, and the heavy pressure of the fall court docket." On the same day, appellant filed a "MOTION FOR EXTENSION OF TIME WITHIN WHICH TO FILE HIS BRIEF," asking for an extension of fifteen days time and giving substantially the same reason as he gave to support his motion for extension of time to file the transcript.

Appellee has filed briefs to support his motion to dismiss. Appellant has filed brief in opposition thereto.

It appears to us that appellee's motion to dismiss the appeal is well taken and must be granted under the authority of our cases.

Our Rule 37 and Title 7, § 769, supra, clearly require transcripts to be filed "within sixty days from the date of the taking of the appeal." Sixty days from August 23rd is October 22nd, the date the citation states the appeal be returnable. Therefore, the transcript was due to be filed October 22, 1968.

There is no distinction between being one day late and being "too late." Filing on the 61st day is not timely. Denson v. State, 43 Ala.App. 243, 187 So.2d 574; Chestang v. State, 40 Ala.App. 169, 109 So.2d 733. We have no authority to read the word "sixty" as "sixty-one." Chestang v. State, supra. See, also, Bodiford v. Ganus, 281 Ala. 244, 201 So.2d 400.

Likewise, appellant's brief was due to be filed "within thirty days after the transcript of the record has been filed * * *" and no brief was timely filed. Rule 12 requires dismissal upon failure to so file.

With respect to appellant's motions to extend the time for filing both transcript and brief, Rule 37 allows the trial judge to extend the time for filing the transcript for good cause shown for not to exceed thirty days. The rule also makes such applications to the trial judge and his ruling thereon "a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for good and sufficient reason."

There is nothing in the record to indicate that an application was ever made to the trial judge, nor that he was unavailable. Neither does the record contain any "good and sufficient reason" for not making such application to the trial judge, as is found in City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133.

Appellant contends we have discretion to permit late filing, citing: State v. Barton, 257 Ala. 230, 58 So.2d 450 and Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391. Neither is authority for that proposition. *Barton* was decided under former Rule 41, and is therefore inapt. In Mitchell v. Austin, the prerequisite application to the trial judge for an extension had occurred and appellee had consented to the belated filing.

Thus, the motion for extension of time to file the transcript is due to be overruled

for noncompliance with Rule 37 in not first applying to the trial court for extension of time, or showing sufficient excuse for nonperformance within Rule 37.

In view of our decision herein, we need not examine whether the motion to extend the time for filing appellant's brief should be granted.

Appellee's motion to dismiss the appeal is well taken and of necessity ought to be granted.

Record stricken; appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.