219 So.2d 902

**Roxey Ann MELTON**

**v.**

**Sidney Joseph FOREMAN and Cummins Diesel Sales Corporation et al.**

**I Div. 536.**

Supreme Court of Alabama.

March 6, 1969.

Moore, Moore, Downing & Layden, Mobile, for appellant.

Jas. J. Duffy, Jr., Mobile, for appellee.

BLOODWORTH, Justice.

This cause was submitted on appellant's motion for an extension of time within which to file the transcript, motion of appellee, Cummins Diesel Sales Corporation, to dismiss the appeal, and appellant's motion to strike appellee's motion to dismiss.

Appellant (plaintiff below) took a non-suit May 24, 1968 from an adverse ruling of the circuit court of Mobile County, sustaining the appellee's demurrers to the appellant's complaint. June 22, 1968, appellant gave notice of appeal to this court from the ruling of the trial court. The transcript was due in this court within sixty days, on August 21, 1968. Rule 37, Revised Rules of the Supreme Court of Alabama, 279 Ala. XXI, XXXVIII; Freeman v. State, 272 Ala. 412, 132 So.2d 141. The transcript was not received in this court until November 21, 1968, and was then marked "Received" but not filed. On the same date, appellant filed a petition for extension of time within which to file the transcript. On November 27, 1968, appellee, Cummins Diesel Sales Corporation, moved to dismiss the appeal and on December 11, 1968, appellant moved to strike appellee's motion to dismiss the appeal and also moved to grant the petition for extension of time. Both sides have filed briefs in support of their respective positions, and appellant has tendered a brief on the merits which was filed here on January 27, 1969.

It is clear from the record that the transcript reached this court three months late. Appellant admits that the transcript is untimely filed, but her attorney contends that he understood that the circuit clerk (who prepared the same and submitted it to him July 22, 1968 for inclusion of his assignments of error) would submit the transcript with his assignments of error therein to counsel for appellee, and would thereafter file the same in the Supreme Court. Appellant's attorney admits he was mistaken

as to this and states that the transcript was delivered to one of the secretaries in his law firm and placed on a shelf in his office until it was discovered approximately three months later.

Appellant says we have authority under the City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133, and under Supreme Court Rule 37, supra, to extend the time for filing the transcript for "good cause shown." She excuses herself for non-compliance with the prerequisite application to the trial court, under Rule 37, supra, by saying that the time within which the trial court could grant an extension had already expired when the transcript was discovered, and to apply to the trial court would have been a futile act. Therefore, she insists she ought to be excused "for a good and sufficient reason" under Rule 37, supra, from applying first to the trial court for an extension.

Appellee contends that our recent case of Nettles v. Nettles, 283 Ala. 457, 218 So. 2d 269, is authority for granting its motion to strike the transcript as not being timely filed.

We think the appellee's motion is well taken and must be granted. Under Rule 37, supra, in order for this court to grant an extension of time—first, there must be shown, as we pointed out in Nettles v. Nettles, supra, an application to the trial court or that he was unavailable or that an application to him was not made "for a good and sufficient reason." (Whether appellant had "a good and sufficient reason" for not first applying to the trial court, we do not here determine.) Secondly, appellant must show "good cause" to this court as to why the extension should be granted. In this we feel appellant has failed. We do not consider the appellant has shown us sufficient "good cause" to extend the time to file the transcript.

In City of Athens v. Cook, supra, we found both "a good and sufficient reason" for not making the application to the trial

court, and also "good cause" why we should extend the time for filing the transcript. Like factors do not exist in the instant case.

Therefore, we are of the opinion that the motion of appellee, Cummins Diesel Sales Corporation, to dismiss the appeal is well taken and must be granted. We are of the opinion the appellant's respective motions ought to be denied.

Therefore, appellee's motion to dismiss the appeal being granted, the record is stricken and the appeal is dismissed.

Record stricken and appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.