223 So.2d 266

**CENTRAL FOUNDRY COMPANY**

v.

**George BENDERSON.**

**6 Div. 403.**

Supreme Court of Alabama.

May 8, 1969.

Clement, Rosen, Hubbard & Waldrop, Tuscaloosa, for appellant.

Turner & Turner, Tuscaloosa, for appellee.

**146**

LAWSON, Justice.

This is an appeal from a final decree of the Circuit Court of Tuscaloosa County, in Equity.

George Benderson, on March 16, 1966, filed his bill in the Circuit Court of Tuscaloosa County, in Equity, against Central Foundry Company, a corporation, and International Moulders and Foundry Workers Union of North America, Local No. 67, an unincorporated association.

The prayer of Benderson's bill reads in pertinent parts as follows:

"* * * and the Complainant prays that upon a hearing of this matter your Honors will render a declaratory judgment and declare the following:

"A. That the Complainant has been an employee of the Respondent Foundry for more than fifteen (15) years prior to his retirement from the said Respondent Foundry, on, to-wit, July 6, 1965, at age sixty-three (63).

"B. That the Complainant is entitled to benefits as provided in the Pension Agreement and as modified by the Collective Bargaining Agreement in force between the Respondent Union and Respondent Foundry for the benefit of the Respondent Foundry's employees at the time of the Complainant's retirement from said Respondent Foundry.

"C. That the benefits be computed as provided in said agreements between said Respondent Foundry and Respondent Local No. 67.

"D. That the Complainant is entitled to back pay of the benefits that have accrued to him since his retirement in, to-wit, July, 1965; and that he is entitled to receive the monthly benefits as above computed after the present date.

"E. And Complainant prays for such other, further, and different relief as may be just and proper in the premises, and as in duty bound, the Complainant will forever pray, etc."

There was personal service by the Sheriff of Tuscaloosa County upon respondents on March 17, 1966. Neither of the respondents appeared and on April 19, 1966, decrees pro confesso were taken against both respondents.

Submission for final decree was on the bill of complaint, decrees pro confesso, the testimony of the complainant given in open court, and on certain documentary evidence.

The trial court on April 21, 1966, rendered a final decree in favor of the complainant, Benderson, where it was decreed, in part, as follows:

"B. That the Complainant was a member in good standing of the International Moulders and Foundry Workers Union of North America, Local No. 67, at all times from February, 1948, to July 6, 1965, and as a member of the Respondent Union and an employee of the Respondent Central Foundry Company, the Complainant was eligible for and is entitled to pension benefits as provided in the Pension Plan Agreement and Collective Bargaining Agreement which was in full force and effect by and between the Respondent Central Foundry Company and the Respondent International Moulders and Foundry Workers Union of North America, Local No. 67, prior to and at the time of the Complainant's voluntary retirement from the employ of Central Foundry Company on July 6, 1965."

The court further determined the amount of monthly benefits to which the complainant, Benderson, was entitled under the Pension Plan Agreement and Collective Bargaining Agreement and entered a money judgment in favor of Benderson against the respondent, Central Foundry Company, for the accrued monthly benefits in the

amount of $205.92 plus $22.88 per month for the remainder of his natural life.

From that decree the respondent, Central Foundry Company, a corporation, has appealed to this court.

Submission was on motion and merits.

## On the Motion

The appellant, Central Foundry Company, pursuant to Supreme Court Rule 37, applied to the trial court for a thirty-day extension of time within which to file the transcript in this court. That court granted the extension, which ran until January 18, 1967. On January 19, 1967, one day after the limit of the extension granted by the trial court, the appellant filed in this court a petition for a further extension of ten days. The transcript was filed in this court on the next day, January 20, 1967.

Appellee, Benderson, on January 23, 1967, filed his "Motion to Strike Appellant's Motion for Extension of Time for Filing Transcript and Motion to Dismiss Appeal."

Appellee's motions are not well taken and they are denied. A very similar situation was presented to this court in Mitchell v. Austin, 266 Ala. 128, 130, 94 So.2d 391, where we said:

"The question posed is whether or not the appellant must apply to this court before the time expires for the filing of the transcript or can he wait, as he did here, until his filing time has passed and then request this court for an extension of time.

"The situation seems not to be covered by Rule 37, but the court, in general consultation in which all the Justices have concurred, has concluded that the application for the filing of the transcript here need not be made within the time (90 days) allowed in the lower court, but that on good cause shown this court may extend the time for filing the transcript either before or after the said 90-day period allowable in the court below."

In this case the showing, not controverted by the appellee, that the delay in filing the transcript of the record in this court was due to the illness of the register is, in our opinion, sufficient showing of good cause. See City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133.

## On the Merits

A decree pro confesso admits the facts alleged in the bill. It does not admit that the facts alleged authorize equitable relief. It does not admit that the facts give the court jurisdiction of the subject matter and does not consent for the relief to be granted. In other words, when the bill does not contain sufficient averments to give it equity and to authorize the relief prayed, even though no defense is made and the averments of the bill are taken as confessed, the trial court should not grant relief to the complainant. Collier v. Collier, 274 Ala. 131, 145 So.2d 821. See Isbell v. State ex rel Rayburn, 276 Ala. 351, 162 So.2d 240.

Hence, the ultimate question for our determination is whether the bill contains sufficient averments to give it equity and to authorize the relief prayed.

Appellee argues that his bill seeks declaratory relief, the construction of a pension plan agreement and a collective bargaining agreement, and supplemental relief in the nature of a money judgment or decree against the respondent, Central Foundry Company, a corporation, because it refused to pay certain retirement benefits to which appellee claims he is entitled under the aforementioned agreements.

If appellee's bill did, in fact, seek a construction of those agreements, then it would state a case for declaratory relief on the equity side of the court. § 157, Title 7, Code 1940. See Alabama Power Co. v. Haygood, 266 Ala. 194, 95 So.2d 98; Orkin Exterminating Co. of North Alaba-

ma v. Krawcheck, 271 Ala. 305, 123 So.2d 149; Jett v. Zink, 5 Cir., 362 F.2d 723.

But, in our opinion, appellant's bill does not seek a construction of either of the agreements referred to in the bill, neither of which is made an exhibit to the bill or set out therein. There is no allegation in the bill that said agreements contain conflicting provisions or that either of them is ambiguous or uncertain in its terms in any respect. There is no special prayer that either agreement be construed by the court.

The best that can be said of appellee's bill is that it alleges that he is entitled to certain retirement benefits provided in the said agreements for employees of the respondent Foundry Company who are otherwise eligible and who have had fifteen years of continuous uninterrupted service at the time of retirement; that he had fifteen years of uninterrupted service at the time of his retirement; that he has been denied such retirement benefits by the respondent Foundry Company on the ground that he did not have fifteen years of continuous uninterrupted service prior to his retirement because he was "fired" by the respondent Foundry Company on Friday, October 28, 1955, as a result of an "incident" which occurred between appellee and a foreman of the said Foundry Company. Appellee's bill further alleges that respondent Local Union represented him in negotiations with the respondent Foundry Company and as a result of such negotiations it was agreed on Tuesday, November 1, 1955, that appellee was to return to work on Thursday, November 3, 1955, and he did return to work on that day and continued to work for the respondent Foundry Company until he retired on July 6, 1965.

By the 1947 amendement (Act No. 604, approved October 9, 1947, General Acts 1947, p. 444) to § 167, Title 7, Code 1940, the legislature has provided that the remedy by declaratory judgment shall not be construed by any court as an unusual or extraordinary one, but shall be construed to be an alternative or cumulative remedy. But the 1947 amendment, *supra,* does not operate to confer upon an equity court jurisdiction of subject matter which it had not possessed theretofore. Rinehart v. Reliance Life Ins. Co. of Georgia, 272 Ala. 93, 128 So.2d 503, and cases cited.

When the stating part of appellee's bill is construed in connection with its prayer, it is our view that it does not seek a construction of any written agreement, but simply seeks to have the court declare that despite the fact that he was "fired" on October 28, 1955, he had fifteen years of continuous uninterrupted service at the time of his retirement and further declare that he was therefore entitled to the retirement benefits provided in the agreements mentioned in the bill.

When the bill is so construed, it is our view that it does not contain sufficient averments to give it equity.

We hold, therefore, that the decree of the trial court is due to be reversed. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.