268 So.2d 5

**Frank BLACKFORD, as Trustee, etc.**

v.

**HALL MOTOR EXPRESS, INC.**

**6 Div. 674.**

Supreme Court of Alabama.

Sept. 28, 1972.

Rehearing Denied Nov. 9, 1972.

392

John W. Cooper and James H. Weaver, Jr., Birmingham, for appellant.

John P. Carlton, Birmingham, for appellee.

PER CURIAM.

This is an appeal from a final judgment of the Circuit Court of Jefferson County.

Submission was on motion and on merits.

### Motion

Appellee has filed a motion to dismiss the appeal, the effect of which is that the transcript of the record was not timely filed in this court.

Before we come to a consideration of the merits of the motion to dismiss, we will delineate those events which we deem pertinent to a determination of the question raised by the motion.

Judgment was rendered on March 29, 1968, in favor of appellee, the defendant below. On April 26, 1968, the plaintiffs below filed their motion for new trial. Following a number of continuances, the trial court on July 30, 1968, rendered a judgment overruling plaintiffs' motion for a new trial. On January 30, 1969, the last day on which an appeal could have been taken, one of the plaintiffs, Frank Blackford, as Trustee in Bankruptcy of the Estate of John Bruce Welden, Sr., doing business as Jupiter Cartage Company, took an appeal by filing security for costs of appeal. See § 788, Title 7, Code 1940; Grice v. Taylor, 273 Ala. 591, 143 So.2d 447; Boyett v. Frankfort Chair Co., 152 Ala. 317, 44 So. 546.

The trial court granted extensions of time for the filing of the transcript of the evidence up to and including September 8, 1969. That transcript was filed by the court reporter in the office of the circuit clerk on September 8, 1969, the last day for filing.

The appellant's "Objections to Transcript" was presented to the trial court on September 18, 1969, on which day the court set October 17, 1969, as the date on which such objections were to be heard.

The "Objections to Transcript" was filed in the office of the circuit clerk on September 19, 1969.

On October 17, 1969, the trial court entered an order continuing the hearing on appellant's "Objections to Transcript" to October 31, 1969. The transcript does not show any further order continuing the hearing to a date after October 31, 1969.

The following entry or order was endorsed on the motion by Judge Deason, the trial judge, on June 4, 1971:

". . . Motion granted, Clerk is directed to transmit corrected transcript to the Supreme Court forthwith. The Defendant excepts to the Court's ruling. Deason, J."

On June 10, 1971, the defendant, appellee here, filed in this court its motion to dismiss the appeal. After making reference to the events to which we have alluded above, the defendant alleged:

"WHEREFORE, defendant respectfully shows unto the Court that:

"(a) The transcript of evidence [sic] [the record] in this cause was due to be filed on or before the 60th day following September 8, 1969, the date when the

transcript of evidence was filed in the Circuit Court since no objections to the transcript of evidence were filed within the time allowed by Title 7, Secton 827 (1a), Code of Alabama 1940, Recompiled 1958.

"(b) That even if the plaintiffs' pleading entitled 'Objections to Transcript' be considered as a proper objection to the transcript under the terms of Title 7, Section 827(1a), that the hearing of the objections and the ruling of the Court thereon were not concluded within a period of 90 days from the date of the taking of the appeal, and no extension of this period was sought from or granted by the Trial Court.

"Upon the foregoing premises, defendant respectfully prays that this Court will enter an order dismissing the appeal in said cause, and taxing the costs thereof to plaintiffs."

On June 14, 1971, the appellant filed his "Reply to Motion to Dismiss Appeal."

On July 26, 1971, before any action was taken by this court on the motion to dismiss the appeal, the trial court placed the following endorsement on the "Objections to Transcript":

"The Transcript of Evidence in this case having been refiled by the Court Reporter on the 21 day of July, 1971. The date the said Transcript is Established is fixed as the 21 day of July, 1971. Deason, J."

On August 10, 1971, this court fixed August 18, 1971, as the day on which to hear the motion to dismiss the appeal filed by the appellee, the defendant below, on June 10, 1971.

On August 13, 1971, the appellant filed an amendment to its previously filed "Reply to Motion to Dismiss Appeal" by adding:

" . .. . the following alternative to their prayer to make their Reply also a Motion to Extend Time For Filing Record pursuant to Rule 37 of the Rules of the Supreme Court:

"In the alternative, your Plaintiffs-Appellants [sic] pray that, under the facts and circumstances stated above, this Honorable Court will, pursuant to Rule 37 of the Rules of the Supreme Court, extend the time for filing the Record in this cause to and including September 20, 1971, and if your Plaintiffs-Appellants [sic] are mistaken in their prayer, they pray for such other and different relief to which they are entitled in the premises."

Thereafter, on August 17, 1971, the appellant filed his second amendment to his "Reply to Motion to Dismiss Appeal."

On August 18, 1971, this court determined that the motion to dismiss the appeal should be presented to this court at the time the case was submitted on the merits.

The transcript of the record, accompanied by pertinent exhibits, was filed in this court on September 20, 1971, the last day requested by the appellant for filing and the sixtieth day after July 21, 1971, the day on which the trial court, in its order of July 26, 1971, fixed as the day on which the transcript of the evidence was established. As before indicated, the cause was submitted in this court on motion and on merits. The submission on the motion to dismiss included, of course, the responses filed by appellant to the motion to dismiss. The date of submission was December 10, 1971.

■ As previously shown, the appeal was taken on January 30, 1969. Accordingly, in the absence of an extension of time for filing, the transcript of the *evidence* should have been filed by the court reporter with the circuit clerk within sixty days thereafter, the appeal having been taken after the ruling on appellant's motion for a new trial.—§§ 1 and 6 of Act No. 461, approved July 12, 1943, General Acts 1943,

p. 423, as amended by Act No. 97, approved February 9, 1956, Acts 1956, Vol. I, p. 143; § 2 of Act No. 461, *supra,* as amended by Act No. 886, § 2, approved September 12, 1951, Acts 1950–51, Vol. II, p. 1527; Recompiled Code 1958 (Unofficial), Title 7, §§ 827(1), 827(1a) and 827(4).

(Section 827(1), *supra,* provides for the reporter to file the transcript of the evidence with the clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. Section 827(4), *supra,* is to like effect but contains the provision that "this period may be extended by the trial court for cause."

Section 827(1a) provides as follows:

"The period of time within which the reporter must file the transcript may be extended by the trial court for cause. Within ten (10) days after the filing with the clerk of the certified transcript by the court reporter, either party *may file with the clerk* objections to the certified transcript, with his certificate that he has notified the opposing party, or attorney of record, that the same will be called to the attention of the trial court at a specified time and place. If no objections are filed within such ten (10) days the transcript shall be conclusively presumed to be correct. The hearing of objections and the ruling of the court thereon shall be concluded within a period of ninety (90) days from the date of the taking of the appeal, provided that this period may be extended by the trial court for cause. The trial court shall endorse its ruling on the transcript, sign the same, all within said ninety (90) days period, except as hereinbefore provided. . ." (Emphasis supplied)

As previously shown, the trial court extended the period of time within which the court reporter could file the transcript of the evidence and it was filed within the period of that extension, on September 8, 1969.

■ Here, the "Objections to Transcript" of the evidence was not filed with the clerk until the eleventh day after the transcript of the evidence was filed. True, the "Objection to Transcript" was presented to the trial judge on the tenth day and an order was entered by him on that day setting a hearing on a day in the future. But under decisions of this court and of the Court of Appeals, the presentation of the "Objections to Transcript" to the trial judge and the obtaining of an order thereon was not tantamount to a filing with the clerk.—Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716; Colburn v. State, 40 Ala.App. 248, 112 So.2d 800.

The cases last cited did not deal with the filing of objections to a transcript of evidence, but with the filing of motions for new trial, but the rationale of the holdings in those cases necessitates the conclusion that the "Objections to Transcript" was not timely filed.

In Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 26 Ala.App. 136, 155 So. 710, the trial judge, a resident of Lee County, had made timely orders continuing the hearing on a motion for a new trial in a case tried in Tallapoosa County, within his judicial circuit. None of these orders was filed with the clerk in Tallapoosa County or entered in the minutes within the time such orders were due to be made, but were filed afterwards.

On appeal the Court of Appeals held that the orders of the trial judge continuing the motion made in a county other than the county of trial and not filed with the clerk or made known to attorney for adversary party were ineffective to keep the motion alive.

On certiorari this court, in agreeing with the Court of Appeals on this point, said:

"But ordinary interlocutory procedural orders which are distinguished from the judgment (33 C.J. 1053) are provable without entry on the minutes. 1 Freeman

on Judgments, § 184, pp. 361, 362; Id., § 19, p. 28.

"But there is no compliance with section 6670, Code, unless the order of continuance is 'entered.' For the statute so expressly states. And whether it be so stated or not, it may be doubtful if an order made by a judge is effective until it is filed with the clerk as a part of the public records, so as to afford notice to the parties.

"But whether so without the statute, section 6670 is particular to prescribe the entry of the order as necessary. So that not only the judicial act of so directing is necessary, but the ministerial act of its entry is also necessary. We have held that the entry here meant is the act of delivering it to the clerk to be filed, or of writing it on the motion docket or minutes. Ex parte Margart, 207 Ala. 604, 93 So. 505; Falley v. Falley, 163 Ala. 626, 50 So. 894.

"When the judge makes the order and delivers it to another to be entered, but the latter withholds it from the files without first depositing it with the clerk, so that it may become public and known to all interested parties, and retains it until the time expires in which it may be entered, the order never takes effect." (229 Ala. 93, 155 So. 717–718)

In Colburn v. State, *supra*, Mr. Justice Harwood, then Presiding Judge of the Court of Appeals, applied this court's holding in Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., *supra*, in concluding that a motion for new trial was inefficacious because not filed with the circuit clerk within thirty days of the rendition of the judgment, although the motion was presented to the trial judge on the third day after judgment, who forthwith made an order continuing the motion for new trial and setting the hearing on that motion for a later date.

There is no distinction between being one day late and being "too late." Filing on the eleventh day was not timely. See Nettles v. Nettles, 283 Ala. 457, 218 So.2d 269; Meeks v. State Farm Mutual Automobile Ins. Co., 286 Ala. 513, 243 So.2d 27.

Since the "Objections to Transcript" was not timely filed, the transcript of the evidence was established under the provisions of § 827(1a), *supra*, on September 8, 1969, the date it was filed with the clerk by the court reporter.—McCulley v. Stroud, 286 Ala. 515, 243 So.2d 28; Stevens v. Thompson, 279 Ala. 232, 184 So.2d 140; Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331; Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864; Baxter v. State, 41 Ala.App. 533, 143 So.2d 191, cert. denied, 273 Ala. 704, 143 So.2d 192; Aaron v. State, 39 Ala.App. 84, 94 So.2d 415; Clark v. State, 38 Ala.App. 480, 87 So.2d 669; Lane v. State, 38 Ala.App. 487, 87 So.2d 668.

So at the end of September 18, 1969, when there had not been filed with the circuit clerk any objection to the transcript of the evidence filed with him by the court reporter, the transcript of the evidence became conclusively established as of September 8, 1969, the date on which it was filed with the clerk. Thereupon there was set in motion the provisions of Rule 37, Revised Rules of the Supreme Court of Alabama, 279 Ala. XXXVIII, which rule reads:

"In all cases, either civil or criminal, the transcript shall be filed with the clerk of this court within sixty days after the signing or establishing of the bill of exceptions or the expiration of the time for establishing the same; except in equity cases the transcript shall be filed within sixty days of the taking of the appeal. *Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below.* The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension

may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter the time for filing in this court may be extended only by this court for good cause shown upon petition in writing of which adversary counsel must have ten days' notice. The application to the trial judge and a ruling thereon is a prerequisite to making the application to this court, unless it be shown that the trial judge was unavailable or that the application to him for an extension was not made for a good and sufficient reason. A copy of any order of trial judge extending the time for filing transcript shall be filed by appellant in this court within five days from the date of such order." (Emphasis supplied)

The transcript of the record, in the absence of extensions granted, should have been filed in this court within sixty days of September 8, 1969, that is, on or before November 7, 1969.

It was not filed by that date, as previously indicated. No request for an extension was made of the trial judge within ninety days from the date on which the transcript of the evidence was established, September 8, 1969. The trial judge's entries or orders of June 4, 1971, and July 26, 1971, did not operate to legally extend the time for the filing of the transcript of the record in this court. He was without authority to grant an extension on those dates.—Wanninger v. Lange, *supra*.

Appellee asserts that the holding of this court in Wanninger v. Lange, *supra*, dictates that its motion to dismiss the appeal be granted. We do not agree. In that case the appellant had not filed in this court prior to submission a request for an extension of time within which to file the transcript of the record in this court, as was done in City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133, and as has been done in the case at bar. The factual distinction is recognized in Wanninger v. Lange, *supra*, where it is said: ". . . We are

aware of our decision in City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133. The facts in that case are obviously different from the facts of the instant case." (268 Ala. 405, 108 So.2d 334)

In City of Athens v. Cook, *supra*, we construed Supreme Court Rule 37, as amended (279 Ala. XXXVIII), as giving this court the authority to extend the time for the filing of the transcript of the record after submission, where good cause is shown, on a petition in writing seeking such relief filed before submission, of which adversary counsel had ten days' notice, where an application for extension had been previously made to the trial judge or, when no such application has been made, if it is shown that the trial judge was either not available or that there was a good and sufficient reason for not making an application to him. See Taylor v. Peoples Fertilizer Co., 270 Ala. 243, 117 So.2d 180; State for Use of Russell County v. Fourth National Bank of Columbus, Georgia, 270 Ala. 135, 117 So. 2d 145; Central Foundry Co. v. Benderson, 284 Ala. 144, 223 So.2d 266; Pak-A-Sak of Ala., Inc., v. Lauten, 271 Ala. 276, 123 So.2d 122. Cf. Nettles v. Nettles, 283 Ala. 457, 218 So.2d 269; Melton v. Foreman, 283 Ala. 648, 219 So.2d 902; Brasher v. Brasher, 273 Ala. 225, 137 So.2d 748.

In City of Athens v. Cook, *supra*, we did not delineate the facts upon which we based our conclusions that the appellant had shown "a good and sufficient reason" for not making an application to the trial judge for an extension of time within which to file the transcript of the record in this court and that it had shown "good cause" why this court should extend the time for the filing of the transcript of the record here.

We have gone to the original transcript in City of Athens v. Cook, *supra*, and, briefly stated, the facts upon which we based those conclusions are as follows: The court reporter sent to the office of the circuit clerk by the trial judge her transcription of the testimony given on the main

trial. The transcription of the testimony was sent in a large envelope. Upon receipt of the envelope, the circuit clerk made a notation on the envelope to the effect that it had been filed on the day it was delivered to him, which was long before an appeal had been taken. A motion for a new trial was filed by the City of Athens, the appellant. Testimony was taken on that hearing. After it was transcribed, the court reporter deposited her transcription with the circuit clerk.

Thereafter, the City of Athens took an appeal to this court and counsel for the City, not being aware that either of the transcriptions had been marked filed, requested the clerk to mark them filed as of December 28, 1956. The clerk acquiesced in that request and marked those documents filed as of the date last mentioned. The controversy arose between the appellant, City of Athens, and appellee Cook as to whether the evidence had been established on the day it was deposited with the clerk or on December 28, 1956. Counsel for the City of Athens being unaware of any endorsement made prior to December 28, 1956, had not sought an extension of time from the trial judge for the filing of the transcription of the evidence and when it became known to counsel for the City of Athens that there was a contention that the transcript of evidence had become established at a prior date, it was too late to seek any relief from the trial judge. We entertained the view that those circumstances justified a holding that the appellant, the City of Athens, had shown "a good and sufficient reason" for not making an application to the trial judge and had shown "good cause" why this court should extend the time for the filing of the transcript of the record here.

■ Since we can extend the time for filing the transcript of the record for as long as we deem proper under the circumstances of a particular case, Supreme Court Rule 37, as amended, not limiting us in that respect, we are confronted with the question as to whether or not the appellant, Blackford, has shown "a good and sufficient reason" for not making an application to the trial judge for an extension of time within which to file the transcript of the record in this court and has shown "good cause" why this court should now extend the time for the filing of the transcript of the record.

We are constrained to answer that question in the negative because of our holdings in Nettles v. Nettles, *supra*; Melton v. Foreman, *supra*; and Brasher v. Brasher, *supra*.

In Nettles v. Nettles, *supra*, this court refused to apply the holding in City of Athens v. Cook, *supra*, to the factual situation there presented. In *Nettles* the transcript of the record was not filed timely in this court. Appellee moved to dismiss the appeal on that ground. On the day after that motion was filed, appellant filed in this court a motion for an extension of time within which to file the transcript of the record in this court "for the reason that the administrative and clerical help in the office of the attorney for the appellant has undergone a major change in the last two (2) months, and the heavy pressure of the fall court docket." (283 Ala. 458, 218 So.2d 270) In other words, this court, in *Nettles, supra*, held in effect that the mere fact that appellant's lawyer was busy with other matters and his office disrupted was not sufficient to warrant a holding by this court that a "good and sufficient reason" was shown for the failure to make application to the trial judge for an extension of time for the filing of the transcript of the record in this court.

In Melton v. Foreman, *supra*, an appeal was taken on June 22, 1968. The transcript of the record was, therefore, due in this court within sixty days, that is, no later than August 21, 1968, unless an extension of time for filing was granted.—Rule 37, as amended, *supra*. The transcript of the record was not received in this court until November 21, 1968, and was at that time

marked "Received," but was not marked filed. On the same date the appellant filed a petition for extension of time within which to file the transcript. On November 26, 1968, one of the appellees moved to dismiss the appeal and on December 11, 1968, appellant moved to strike the motion to dismiss the appeal and also moved to grant the petition for extension of time.

Appellant admitted that the transcript was not timely filed. Her attorney sought to avoid dismissal of the appeal on the ground that he understood that the circuit clerk would submit the transcript with his assignments of error therein to counsel for appellee, and would thereafter file the same in this court. The attorney for appellant admitted that he was mistaken in that assumption and stated that the transcript was delivered to one of the secretaries in his law office and was placed by the secretary on a shelf in his office until it was discovered three months later, long after it was due to be filed in this court.

This court held, in effect, that the holding in City of Athens v. Cook, *supra*, was not authority for the relief sought by appellant in that the facts delineated above did not show sufficient "good cause" to extend the time to file the transcript.

In Brasher v. Brasher, *supra*, the appeal was taken on December 1, 1960. A compliance with Supreme Court Rule 37, as amended, *supra*, would have required the transcript of the record to be filed within sixty days of December 1, 1960, no later than January 30, 1961. The transcript of the record was not filed in this court until February 3, 1961, which was three days late.

On March 3, 1961, appellees filed in this court their motion to dismiss the appeal for appellants' failure to file the transcript in this court within the time required by Rule 37.

On March 6, 1961, appellants filed an answer to the motion to dismiss. Incorpo-rated in the answer was a prayer that this court make an order extending the time for filing the transcript in this court on the grounds that appellants' counsel had been advised that the transcript of the record would be filed within sixty days; that counsel resided in Birmingham and that it was burdensome for them to consult with the register in Cullman; that substantial rights were affected by the appeal; and that three days' delay in filing the transcript worked no hardship or injustice to appellees. In their answer to the motion to dismiss the appellants stated also: "That at this time it would be without avail to apply to the trial Judge in this cause for an extension of time because more than thirty (30) days have run since the expiration of sixty (60) days from the filing of the Notice of Appeal." (273 Ala. 226, 137 So. 2d 749)

We held that appellants had not shown a good and sufficient reason for not making application to the trial judge and the appeal was dismissed.

In his reply to the motion to dismiss the appeal, appellant concedes that he did not file his "Objections to Transcript" with the circuit clerk until September 19, 1969, which was one day too late. As we have heretofore shown, the failure to timely file that instrument resulted in the transcript of the evidence becoming conclusively established on September 8, 1969, and the transcript of the record should have been filed in this court within sixty days of that date in the absence of an order extending the time for filing. The transcript of the record was not timely filed nor was an extension obtained before submission.

In an attempt to obviate a dismissal of his appeal, appellant avers in his reply to motion to dismiss appeal, in pertinent parts, as follows:

"4. That at no time has the Defendant mentioned the filing of the objections to the transcript on the 11th day after the court reporter filed the transcript with the Court until the Plaintiffs

filed their Motion To Dismiss Appeal; that if the point is well taken, the Defendant has waived any such ground with reference to the correction of the transcript.

"5. That the lower court has authority to extend the time for filing the transcript and by its Order of June 4, 1971, effectively has extended that time.

"6. That the Defendant-Appellant [Appellee] has not suffered nor is it prejudiced by the action of the lower court.

"7. That the Plaintiffs-Appellants have been diligent in the prosecution of this appeal and that the delay has been occasioned by the Defendant-Appellee."

We can see no waiver on the part of the defendant-appellee. It was not its duty or that of its counsel to see that appellant filed his pleadings timely or to raise the defect prior to the time of the filing of its motion to dismiss the appeal.

We have heretofore observed that the trial court was without authority to grant an extension on June 4, 1971.—Wanninger v. Lange, *supra*; Brasher v. Brasher, *supra*; Terry v. State ex rel. Pettus, 264 Ala. 133, 85 So.2d 449.

The fact, if it be a fact, that the "Defendant-Appellant [Appellee] has not suffered nor is it prejudiced by the action of the lower court" or by the delay in filing the transcript of the record, is not of significance.—Brasher v. Brasher, *supra*.

The assertion that "the delay has been occasioned by the Defendant-Appellee" is not supported by this record.

This court does not relish having to dispose of cases sought to be brought before it without getting to the merits, but in some instances it has no alternative when there has been a failure to comply with procedural rules which are invoked by opposing counsel.

In Wanninger v. Lange, *supra*, appears the following:

"In Lewis v. Martin, 210 Ala. 401, 98 So. 635, 642, this court said:

"'An appeal is taken to an appellate court, not as a vested right, but by the grace of a statute, * * * and must be perfected and prosecuted pursuant to the time and manner prescribed.'

"Since the appellant is the actor—the one invoking the appellate court's jurisdiction and seeking its relief—it is only just that the burden of perfecting the appeal is upon her and that the penalty for failure to observe the procedural requirements of processing the appeal must be borne by her. Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674; Graham v. State, 30 Ala.App. 179, 2 So.2d 463; Stanton v. Monroe County, 261 Ala. 61, 72 So.2d 854; Hayes v. State, 39 Ala.App. 202, 99 So.2d 703, certiorari denied 267 Ala. 695, 99 So.2d 704; Clary v. Cassels, 258 Ala. 183, 61 So.2d 692." (268 Ala. 405–406, 108 So. 2d 334–335)

We are constrained to the conclusion that in view of our previous holdings, cited above, the motion of appellee to dismiss the appeal is well taken and must be granted. It is so ordered.

The foregoing opinion was prepared by THOMAS S. LAWSON, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Appeal dismissed.

All the Justices concur except HEFLIN, C. J., and SIMPSON, J., not sitting.