235 So.2d 900

Herman L. COFFEY

v.

Paul HAMMONDS and Mae Hammonds.

8 Div. 2.

Court of Civil Appeals of Alabama.

May 27, 1970.

Carrol & Tarver, Huntsville, for appellant.

Dawson, McGinty & Livingston, Scottsboro, for appellees.

THAGARD, Presiding Judge.

This case is here on appeal by Herman L. Coffey, the father of Chadwick Herman Coffey, a minor about four years of age, from a decree of the Circuit Court of Jackson County, Alabama, in Equity, denying appellant's petition for the custody of his son and awarding the custody of the child to appellees, the maternal grandparents of the child. Previously, the parents of the child were divorced and the custody of the child was awarded to his mother, with visitation rights to the father. A few days before the filing of the petition in this case the mother was killed in an accident.

The case is here on the motion of appellee to strike the transcript and dismiss the appeal on the ground that the transcript was not filed within the time required by Supreme Court Rule 37, upon appellant's motion that we extend the time for filing the transcript by an order retroactive in effect, and on the merits.

The record shows that the hearing was held on January 8, 1969, the decree entered on January 10, 1969, and the appeal perfected on January 14, 1969. On March 6, 1969, a motion for an extension of time for filing the transcript was filed with the trial court by appellant, whereupon on the same day the court entered an order extending the time for filing the transcript for "an additional period of ninety days." The transcript was filed in the Supreme Court on June 5, 1969.

On August 11, 1969, appellees filed their motion in the Supreme Court to strike the transcript and dismiss the appeal. On August 14, 1969, appellant filed his motion for a retroactive extension of time, which was his first and only application to the appellate court for an extension. Shortly thereafter, this court came into being and this cause was transferred to us in accordance with the statute that created the court.

In his motion for a retroactive extension of time, appellant admits that the trial judge did not have authority to grant an extension for more than thirty days, and assigns as the only ground of his motion that "in the interest that the ends of justice might be met." In oral argument to us in behalf of the motion, appellant's able counsel urged upon us the fact that

this appeal involves not mere money or property but the welfare of a child. But the rules of practice and procedure provide for no exceptions based upon the nature of the subject matter. If we granted this motion today we might be confronted with a similar motion tomorrow in a case in which mere money or property is involved and our attention would be vigorously called to the precedent set today. Furthermore, just where should we draw the line? How much additional time should we give retroactively? Three months? Six months? Five years? The purpose of the rule is undoubtedly to expedite the prosecution of appeals, but it is not inflexible. If additional time beyond that within the power of the trial judge to grant is critically needed the appellate court having jurisdiction of the appeal has the power to grant it upon timely application.

◼ This court has tried diligently to decide cases upon their merits and not upon technicalities, but we recognize that there must be reasonable rules of practice and procedure and that they must be observed and followed by the bar and enforced by the bench, and that they must be applied to all alike, whether the considerations be financial or humanitarian. We have not been strict enforcers of the rules pertaining to briefs and arguments, but we think rules that have for their purpose the expeditious disposal of appeals should never be relaxed. Furthermore, we are bound by the decisions of the Supreme Court, who said in Edge v. Edge, 271 Ala. 283, 284, 123 So.2d 111, " * * * we have no alternative but to grant the motion."

Appellant's motion to the trial court for an extension of time recited that it was filed under the provisions of Title 7, Section 827(1) and Title 7, Section 827(1a), which seems to authorize the trial court to grant extensions for any period of time in *cases at law*. But the Supreme Court has held in Sylvest v. Stowers, 276 Ala. 695, 166 So.2d 423; Edge v. Edge, supra; and

Brasher v. Brasher, 273 Ala. 225, 137 So. 2d 748, all cited by appellee, that all appeals in equity cases are governed not by the provisions of Title 7, Sections 827(1)–(1a), but by Supreme Court Rule 37, as amended, Code 1940, Title 7, Appendix.

Supreme Court Rule 37 provides that in equity cases the transcript shall be filed within sixty days of the taking of the appeal, but it does authorize the trial judge to grant an additional thirty days upon application filed within the original sixty day period or within the thirty additional days. Thereafter, additional time may be granted only by the appellate court "for good cause shown upon petition in writing of which adversary counsel must have ten days' notice." Rule 37 makes no provision for granting retroactive extensions.

In the *Edge* case, supra, the Supreme Court said:

"This cause was submitted here on motion of the appellee to dismiss the appeal and on the merits. The motion to dismiss the appeal is based among other grounds on the ground that the transcript of the record was not filed in this court within sixty days from the time the appeal was taken, as required by Supreme Court Rule 37, as amended, Code 1940, Tit. 7, Appendix.

\* \* \* \* \* \*

"The motion is well taken and we have no alternative but to grant the motion. (Citations omitted.)

"Appeal dismissed." (271 Ala. at page 284, 123 So.2d at page 111)

◼ Even though we are denying appellant's motion to grant an extension of time to operate retroactively, and granting appellee's motion to strike the transcript and dismiss the appeal, we would like the appellant to know that if we had considered the case on its merits we would not have

found that the trial judge was "plainly and palpably wrong."

Motion to grant an extension of time for filing transcript to operate retroactively denied, and motion to strike transcript and dismiss appeal granted.