244 So.2d 801

**Mary Arrol FRAZIER**

v.

**Frederick Eugene FRAZIER.**

**6 Div. 72.**

Court of Civil Appeals of Alabama.

Feb. 17, 1971.

Richard C. Shelby, Tuscaloosa, for appellant.

Richard A. Thompson, Tuscaloosa, for appellee.

THAGARD, Presiding Judge.

This cause was submitted here on motion of the appellee to strike the transcript and dismiss the appeal, and on the merits.

The motion to dismiss the appeal is based, among other grounds, on the ground that the transcript of the record was not filed in this court within sixty days from the time the appeal was taken, as required by Supreme Court Rule 37, as amended.

The appeal was perfected by the giving of security for costs of appeal, which was approved by the register and filed on July 6, 1970. The transcript was filed in this court on September 8, 1970, which was four days after the expiration of the sixty day period.

There was no application to the trial court for an extension of time for the filing of the transcript, and no order of the trial court granting an extension, as is required by Supreme Court Rule 37. If such an extension had been granted by the trial court, a copy of the order granting the extension should have been filed by appellant in this court within five days from the date of such order. Supreme Court Rule 37. No copy of such order has been received by this court.

In his brief appellee argued his motion to strike, to which appellant has made no reply. Nor has appellant offered any explanation for the delay or sought to have us deny appellee's motion to strike.

In Nettles v. Nettles, 283 Ala. 457, 458, 218 So.2d 269, 270, a case in which the transcript was filed in the Supreme Court on the sixty-first day, the Court, speaking through Mr. Justice Bloodworth, said:

"Appellee has filed briefs to support his motion to dismiss. Appellant has filed brief in opposition thereto.

"It appears to us that appellee's motion to dismiss the appeal is well taken and *must* be granted under the authority of our cases." (Emphasis supplied.)

In Duke v. Barth, 273 Ala. 178, 136 So. 2d 927, the Court, speaking through Mr. Justice Lawson, said:

"This being an equity case, the transcript of the record should have been filed in this court within sixty days from the date on which the appeal was taken. Supreme Court Rule 37, as amended.

"It was not filed within that time. No application for extension of time was made in the lower court or in this court. We are constrained, therefore, to grant appellee's motion to dismiss the appeal. Edge v. Edge, 271 Ala. 283, 123 So.2d 111; * * *"

In the *Edge* case, supra, Mr. Justice Stakely, speaking for the Court, said:

"The motion to dismiss the appeal is based among other grounds on the ground that the transcript of the record was not filed in this court within sixty days from the time the appeal was taken, as required by Supreme Court Rule 37, as amended, * * *

*   *   *   *   *   *

"The record shows that there was no effort to secure an extension of time for filing the transcript made either in the lower court or in this court.

"The motion is well taken and we have no alternative but to grant the motion.

" * * * " (271 Ala. 284, 123 So.2d 111, 112.)

We followed and quoted from the *Edge* case, supra, in our own case of Coffee v. Hammonds, 45 Ala.App. 650, 235 So.2d 900. In that case appellant applied to the trial court for an extension of time and the trial court made the mistake of granting a 90 day extension instead of the 30 days allowed by Rule 37, and appellant relied upon the 90 day extension. After a motion to strike the transcript was filed by appellee, appellant filed with us a motion for a retroactive extension of time. We denied the motion for a retroactive extension and granted appellee's motion to strike.

Appellee's motion to dismiss the appeal is well taken and hereby granted.

Record stricken; appeal dismissed.